UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>  Plaintiff,<br><br>  v.<br><br>JAY JONES, et al.,<br><br>  Defendants. | No. 1:15-cv-1360-DAD-MJS (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION<br><br>(Doc. No. 10)<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff is a state prisoner proceeding *pro se* in a civil rights action brought pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California. On June 16, 2016, the assigned magistrate judge screened plaintiff's complaint and found that it stated only a cognizable First Amendment retaliation claim against defendants Jones, Schmidt, Yerton, and Escarcega and no other cognizable claims. (Doc. No. 9.) Accordingly, plaintiff was ordered to either file an amended complaint or notify the court of his willingness to proceed only on the First Amendment retaliation claim against defendants Jones, Schmidt, Yerton, and Escarcega found to be cognizable. (*Id*. at 11-12.) Plaintiff instead filed the instant motion for reconsideration. (Doc. No. 10.)

1

For the reasons stated below, plaintiff's motion for reconsideration will be granted in part and denied in part.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) authorizes parties to file objections to orders issued the by a magistrate judge addressing nondispositive matters.  "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  Similarly, Local Rule 303(c) allows parties to seek reconsideration by the assigned district judge of a magistrate judge's pretrial rulings.  Local Rule 303(c).  The assigned district judge shall review all such requests for reconsideration under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A).  Local Rule 303(f) (citing Fed. R. Civ. P. 72(a)).

## II.  DISCUSSION

Plaintiff contends that the magistrate judge erred in concluding that several of the allegations of his complaint failed to state cognizable claims for relief.

### *A. Plaintiff's Allegations*

The allegations of plaintiff's original complaint are lengthy.  Accordingly, the court will summarize only the allegations that are pertinent to the instant motion for reconsideration.  With that caveat, in his complaint, plaintiff alleges as follows with respect to the conditions of his confinement while incarcerated at California Correctional Institution ("CCI") in Tehachapi, California.  Plaintiff suffers from Post-Traumatic Stress Disorder ("PTSD") after being stabbed and beaten in 2007.  As a result, he finds it extremely difficult to live in a double-occupancy cell with another inmate, which repeatedly leads to problems between him and his cell mates.  On January 21, 2014, approximately one week after arriving at CCI, plaintiff discussed these concerns and symptoms with a mental health caseworker.  Upon returning to his cell, plaintiff was confronted by defendant Schmidt who stated that there was no room for single-cell assignments on the yard, that plaintiff's mental health issues didn't matter, and that his housing concerns were not a mental health issue.  Defendant Schmidt accused plaintiff of making threats based on his expressed concerns to mental health staff about living with other inmates despite the

fact that plaintiff had no cellmate at the time and had only described his problems caused by PTSD. Schmidt attempted to place plaintiff in Administrative Segregation ("AdSeg") that night and the following night, but could not because AdSeg was full. After Schmidt's second attempt to place plaintiff in AdSeg was unsuccessful, plaintiff was interviewed by defendants Schmidt and Jones. They told plaintiff that he would be placed on C-status (a highly restrictive disciplinary designation) for manipulation of staff. They stated that plaintiff would be disciplined if he continued to seek single cell status.

On January 22, 2014, plaintiff submitted two administrative grievances regarding conditions at CCI. On January 23, 2014, he submitted an administrative grievance regarding the alleged actions of defendants Jones and Schmidt.

On January 24, 2014, Schmidt fabricated a disciplinary report against plaintiff. Defendant Jones classified the report and authorized the disciplinary charge to be issued. Plaintiff eventually was found guilty of a prison rules violation. On February 1, 2014, plaintiff had his yard activities restricted due to an unrelated disciplinary charge. This limited his ability to access the law library.

Thereafter, defendant Jones instituted a policy barring inmates from law library access if they were on yard restriction or C-Status, unless they had a legal deadline. According to plaintiff, this policy was not enforced until after plaintiff had submitted his January 2014 administrative grievances against defendants Jones and Schmidt. As a result, plaintiff was denied regular law library access despite having active cases and was able to visit the law library only four times in a three month period. Defendant Karlow denied plaintiff law library access, falsely stating that plaintiff was on C-status when in fact he was merely on yard restriction. Plaintiff filed other administrative grievances against defendant Jones during this time. One such grievance resulted in a finding that defendants Jones and Karlow violated CDCR policy by denying plaintiff library access and enforcing an illegal policy.

On June 18, 2014, inmate Jones was moved into plaintiff's cell. Inmate Jones presented difficulties for plaintiff and plaintiff asked to have him moved from the cell. Plaintiff did not sleep for days due to these difficulties and his daily altercations with Jones. Plaintiff submitted

administrative grievances regarding his concerns in this regard. On June 28, 2016, plaintiff was moved to a different cell.

On June 29, 2014, defendant Schmidt confronted plaintiff regarding his administrative grievance regarding inmate Jones. Schmidt threatened to file a disciplinary report against plaintiff for manipulation of staff if plaintiff continued to file administrative grievances seeking a cell change.

In addition to the above, plaintiff complains that, over a five-and-one-half month period, six of the administrative grievances he submitted disappeared. Plaintiff retains a copy of every administrative grievance submitted, and he submits them using a procedure by which he receives a signed receipt from staff for every grievance submitted. His administrative grievances began disappearing in January 2014. The missing grievances were submitted on: January 30, 2014; March 20, 2014; May 27, 2014; June 3, 2014; July 1, 2014; and July 15, 2014. Defendant Emard was responsible for collecting the January 31, 2014, grievance. Defendant Rhodes was responsible for collecting the March 20, 2014, May 27, 2014, June 3, 2014, and July 15, 2014, grievances. Defendant Yerton was responsible for collecting the July 1, 2014, grievance. None of these administrative grievances were ever seen again. The missing grievances were determined to have never been received by the Appeals Office.

### *B. Legal Standard – Retaliation*

As the Ninth Circuit has recognized:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element of a prisoner retaliation claim focuses on causation and motive. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must allege and show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." *Id.* (quoting *Sorrano's Gasco. Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can

be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. *Bruce v. Ylst*, 351 F.3d 1283, 1288–89 (9th Cir. 2003) (finding that a prisoner establishes a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

The third prong of a viable retaliation claim can be satisfied by various activities. For instance, the filing of a grievance is a protected action under the First Amendment. *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989). Likewise, pursuing civil rights litigation is protected under the First Amendment. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. *Rhodes*, 408 F.3d at 568-69 (citing *Mendocino Envtl. Ctr.*, 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively allege and show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Rizzo*, 778 F.2d at 532.

*C. Analysis*

The assigned magistrate judge concluded that defendant Schmidt's attempts to place plaintiff in Administrative Segregation ("AdSeg") on January 21, and 22, 2014 did not constitute adverse action because the move was never accomplished.[1] In his motion for reconsideration plaintiff fails to show that this determination was clearly erroneous or contrary to law. While

---

[1] In the screening order, the magistrate judge attributes these attempts to both defendant Schmidt and defendant Jones. However, the allegations of plaintiff's complaint appear to attribute these attempts only to defendant Schmidt. (Doc. No. 1 at 5.)

5

1  plaintiff is correct that threats of adverse action may have a sufficient chilling effect to rise to the
2  level of adverse action themselves, *see Brodheim*, 584 F.3d at 1270, it is not clear from the
3  allegations of his complaint that defendant Schmidt threatened plaintiff with placement in AdSeg
4  on these dates.  Indeed, it is unclear from his complaint when or how plaintiff learned of any
5  efforts to place him in AdSeg.  It therefore is also unclear how plaintiff claims to have come to
6  understand that he faced transfer to AdSeg if he continued to pursue the constitutionally protected
7  activity.  Plaintiff's allegation therefore fails to state a cognizable claim as pled.  The magistrate
8  judge's order specifically permits plaintiff to amend his complaint to cure these deficiencies if he
9  so chooses.

10  However, in the screening order the magistrate judge concluded that defendant Schmidt's
11  alleged June 29, 2014 threat to file disciplinary charges against plaintiff if he were to file an
12  administrative grievance was "not sufficiently adverse." (Doc. No. 9 at 9.)  Plaintiff seeks
13  reconsideration of this ruling arguing, essentially, that it is contrary to law.  (Doc. No. 10 at 8-9.)
14  The undersigned agrees that this claim as alleged is not subject to dismissal at screening and that
15  the magistrate judge's ruling otherwise was contrary to law.  *See Watison v. Carter,* 668 F.3d
16  1108, 1114 (9th Cir. 2012) ("[T]he mere threat of harm can be an adverse action....") (quoting
17  *Brodheim,* 584 F.3d at 1269); *Brodheim*, 584 F.3d at 1270 (allowing a retaliation claim to proceed
18  when a grievance decider made an implicit threat of retaliation regarding use of the grievance
19  process); *Puckett v. Sweis*, No.2:15-cv-0602 AC P, 2016 WL 632795, at *4 (E.D. Cal. Feb. 16,
20  2016) ("[A]t the pleading stage, 'allegations of harm [are] sufficient to ground a First Amendment
21  retaliation claim without discussing whether that harm had a chilling effect.'"); *see also Hines v.*
22  *Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) (cognizable "adverse actions" may include false
23  disciplinary charges).

24  Plaintiff also alleges that defendants Karlow and Jones retaliated against him for pursuing
25  administrative grievances by fabricating a law library policy to deny plaintiff access thereto.  The
26  magistrate judge found that these allegations failed to state a cognizable claim.  (Doc. No. 9 at
27  10.)  In his motion for reconsideration plaintiff identifies no error on the part of the magistrate
28  judge in this regard.  In his complaint, plaintiff alleges he was denied law library access because

1  he was on yard restriction.  He alleges that this occurred pursuant to a "fabricated" policy that
2  was not enforced until after he filed administrative grievances.  The allegations of plaintiff's
3  complaint in support of this claim are far from clear.  Either plaintiff was the subject of a
4  generalized policy that prohibited inmates on yard restriction from access to the law library at
5  certain times, or there was no such policy and plaintiff was singled out for such restrictions.
6  While plaintiff attempts to provide some clarity regarding these allegations in his motion for
7  reconsideration, the complaint itself implies that plaintiff was the subject of an institution-wide
8  policy applicable to inmates on yard restriction.  Thus, the complaint fails to suggest that the
9  restrictions on plaintiff's library access were motivated by retaliation or lacked a legitimate
10  penological purpose.  Again, the magistrate judge granted plaintiff leave to amend this claims,
11  and the others which were found to be not cognizable, if he wished to do so.

12  Finally, plaintiff alleged in his complaint that defendants Rhodes, Emard, and Yerton
13  destroyed six administrative grievances he had submitted, and that they did so in retaliation.[2]  The
14  magistrate judge concluded that plaintiff's allegations in this regard were based on mere
15  speculation and failed to state a cognizable claim.  Again, in his motion for reconsideration
16  plaintiff has failed to identify in what way that determination was clearly erroneous or contrary to
17  law.  In his complaint, plaintiff alleges only that the named defendants were responsible for
18  collecting administrative grievances from a locked collection box and taking them to the
19  Sergeant's office, where they were placed in an envelope and then delivered to the Captain's
20  office.  He alleges that Sergeants and Captains would routinely read inmate's administrative
21  grievances, even though they were not supposed to do so.  None of these allegations suggest that
22  defendants Rhodes, Emard, or Yerton read plaintiff's administrative grievances, destroyed them
23  or acted based on any retaliatory animus toward plaintiff due to his engagement in protected
24  activity.  Thus, this claim as pled in the original complaint fails to state a cognizable claim.

---

[2] In his motion for reconsideration, plaintiff alleges that defendants Emard, Rhodes, and Yerton identified administrative grievances filed by plaintiff and advised defendant Jones of these grievances, so that Jones could destroy them.  These allegations concerning defendant Jones, however, are not contained in plaintiff's complaint.  They thus cannot be considered in determining whether the complaint states a cognizable claim.

### III. CONCLUSION

In addition to the claims found to be cognizable by the assigned magistrate judge, the undersigned has concluded that plaintiff's complaint also states a cognizable retaliation claim against defendant Schmidt in relation to his alleged June 29, 2014 threat to file disciplinary charges against plaintiff in retaliation for plaintiff's filing of administrative grievances. In all other respects, plaintiff's motion for reconsideration of the screening order will be denied.

For the reasons explained above:

1. Plaintiff's motion for reconsideration (Doc. No. 10) is granted in part and denied in part as stated above;
2. Within thirty (30) days of the date of service of this order, plaintiff must either:
    a. File an amended complaint curing the deficiencies identified herein and in the screening order (Doc. No. 9), or
    b. Notify the court in writing that he does not wish to file an amended complaint and is willing to proceed only on the claims found to be cognizable in this order and in the magistrate judge's screening order; and
3. Any failure by plaintiff to comply with this order will result in this action being dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **March 16, 2017**                       _Dale A. Drozd_
                                                UNITED STATES DISTRICT JUDGE

8