1

2

3

4

5

6

7                          **UNITED STATES DISTRICT COURT**

8                          **EASTERN DISTRICT OF CALIFORNIA**

9

10    JARED M. VILLERY,                          No. **1:15-cv-01360-DAD-JDP (PC)**

11                 Plaintiff,

12          vs.                                  **ORDER SETTING SETTLEMENT
                                                 CONFERENCE**
13    JAY JONES, et al.,

14                 Defendants.

15

16          Plaintiff Jared M. Villery is a state prisoner proceeding without counsel in this civil rights

17    action pursuant to 42 U.S.C. § 1983.  The court has determined that this case will benefit from a

18    settlement conference.  Therefore, this case will be referred to Magistrate Judge Erica P. Grosjean

19    to conduct a settlement conference at the U.S. District Court, 2500 Tulare Street, Fresno,

20    California 93721 in Courtroom #10 on October 18, 2018, at 10:00 a.m.

21          A separate order and writ of habeas corpus ad testificandum will issue concurrently with

22    this order.

23          In accordance with the above, IT IS HEREBY ORDERED that:

24          1.   This case is set for a settlement conference before Magistrate Judge Erica P. Grosjean

25                on October 18, 2018, at 10:00 a.m. at the U. S. District Court, 2500 Tulare Street,

26                Fresno, California 93721 in Courtroom #10.

27          2.   Those in attendance must be prepared to discuss the claims, defenses and damages.

28
                                                      1

The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

3. Unless otherwise permitted in advance by the court, the attorneys who will try the case shall appear at the settlement conference. It is recommended that pertinent evidence to be offered at trial, documents or otherwise, be brought to the settlement conference for presentation to the settlement judge. Neither the settlement conference statements nor communications during the settlement conference with the settlement judge can be used by either party in the trial of this case.

4. Absent permission from the court, in addition to counsel who will try the case being present, <u>the individual parties shall also be present</u>[1]. In the case of corporate parties, associations or other entities, and insurance carriers, a representative executive with authority to discuss, consider, propose and agree, or disagree, to any settlement proposal or offer <u>shall also be present</u>. A representative with unlimited authority shall either attend in person or be available by phone throughout the conference. In other words, having settlement authority "up to a certain amount" is not acceptable.

**IF ANY PARTY BELIEVES THAT A SETTLEMENT CONFERENCE WOULD BE FUTILE, THEN THAT PARTY SHALL CONTACT THE COURT NOT LATER THAN SEVENTY-TWO HOURS PRECEDING THE SCHEDULED SETTLEMENT CONFERENCE.**

5. Each party shall provide a confidential settlement statement to the following email address: epgorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement to U.S. District Court, 2500 Tulare Street, Fresno, California 93721,

---

[1] In prisoner civil rights cases, a representative from the Attorney General's Office is sufficient as a party representative.

2

"Attention: Magistrate Judge Erica P. Grosjean."  The envelope shall be marked "Confidential Settlement Statement."  Settlement statements shall arrive no later than October 11, 2018.  Parties shall also file a <u>Notice of Submission of Confidential Settlement Statement</u> (See Local Rule 270(d)).

Settlement statements **should not be filed** with the clerk of court **nor served on any other party**.  Settlement statements shall be clearly marked Aconfidential@ with the date and time of the settlement conference clearly noted on the first page.

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a.  A brief statement of the facts of the case.

    b.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties= likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c.  A summary of the proceedings to date.

    d.  An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    e.  The relief sought.

    f.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

IT IS SO ORDERED.

Dated:   <u>August 2, 2018</u>   

UNITED STATES MAGISTRATE JUDGE