# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY, | Case No. 1:15-CV-01360-DAD-JDP |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| J. JONES, *et al.*, | |
| Defendants. | |

Plaintiff Jared M. Villery, pro se, and Defendants R. Escarcega, J. Jones, D. Nelson, R. Schmidt, and C. Yerton, by and through their counsel of record (individually, "a Party"; collectively, "the Parties"), have stipulated to and requested that the Court enter their stipulated protective order. Based on the stipulation, and for good cause, the Court makes the following orders:

1. In connection with discovery proceedings in this action, a Party who produces a document or documents to another Party may designate any document, or other information derived from them, as "CONFIDENTIAL" under the terms of this stipulated protective order.

2. A document designated "CONFIDENTIAL" contains information that has not been made public; that has been maintained as confidential; or that concerns or relates to the processes, operations, investigations, or other information relating to the California Department of

1

Corrections and Rehabilitation ("CDCR"), unfettered disclosure of which may have the effect of causing harm to the safety and security of CDCR prisons, staff, inmates, the public, and/or the Parties.

3. A document that a Party deems to comprise or contain confidential information shall be designated by prominently stamping or marking the documents or things with the term "CONFIDENTIAL." Documents will only be labeled "CONFIDENTIAL" based on a good-faith belief and basis in law and in fact that it should be withheld from public disclosure. Documents designated "CONFIDENTIAL," and the information contained in them, may be disclosed only to the Court under seal, to the Parties and their counsel (including paralegals, clerical, and secretarial staff employed by counsel), and to "qualified persons" listed in Paragraph 6 below.

4. Testimony taken at a deposition, conference, hearing, or trial may be designated "CONFIDENTIAL" by making a statement to that effect on the record at the deposition or other proceeding. Arrangements will be made with the court reporter taking and transcribing the proceeding to separately bind portions of the transcript containing information designated "CONFIDENTIAL," and to label the separately bound portions appropriately.

5. Documents designated "CONFIDENTIAL," the information contained in them, and any summaries, copies, abstracts, or other documents derived in whole or in part from them, may only be used for the purposes of prosecuting, defending, or settling this litigation, and shall not be produced to or shared with any person, or published in any other manner except as authorized by this stipulated protective order or any subsequent order of the Court.

6. Documents designated "CONFIDENTIAL" pursuant to this Protective Order (including any copies, summaries, excerpts, and abstracts derived from them) may be disclosed, directly or indirectly, only to the following qualified persons:

(a) Experts or other persons necessarily retained by a Party to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this stipulated protective order;

(b) Any non-party individual who could have had access to the document designated "CONFIDENTIAL" within the course and scope of his or her employment;

(c) Any court reporter at a deposition or other proceeding in this matter;

(d) Any mediator or other neutral party that is mutually selected by the Parties or appointed by the Court for the purpose of assisting in the settlement or other resolution of this action; and

(e) Such other persons as the Parties may agree to in writing or who may be designated by the Court.

7. If a document designated "CONFIDENTIAL," including any portion of a deposition transcript designated "CONFIDENTIAL," is included in any papers to be filed with the Court, such papers will be labeled "Confidential – Subject to Court Order" and filed under seal, according to the applicable provisions of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of California.

8. In the event that any document designated "CONFIDENTIAL" is used in any court proceeding in this action, it will not lose its confidential status through such use, and the party using the material will take all reasonable steps to maintain its confidentiality during such use.

9. If necessary, the Parties shall meet and confer regarding the procedures for use of "CONFIDENTIAL" material at trial and shall move the Court for entry of an appropriate order.

10. This stipulated protective order shall not expand or restrict the rights of any Party to either demand the production of any documents, things, or information, or to object to any demand for any documents, things, or information, or to withhold any documents, things, or information (for example, through redaction of a produced document, even if that document is designated "CONFIDENTIAL") under an applicable asserted privilege. Nor shall this stipulated protective order expand or restrict the rights of any Party to seek to have the Court compel the production of any documents, things, or information, or to seek to have the Court bar the production of any documents, things, or information. Nor shall this stipulated protective order prejudice the Parties in any way from seeking a modification of this stipulated protective order.

11. This stipulated protective order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties. Nothing in this stipulated protective order, or the production of any information or document under the terms of this stipulated

protective order, shall be deemed as an admission or a waiver by any Party, and will not alter the confidentiality or non-confidentiality or any such document or information in any other context beyond the scope of this action, or alter any existing obligation of any Party or the absence of such an obligation.

12. If any Party violates the terms of this stipulated protective order, the Court may issue any just order, on motion or its own, including imposing sanctions authorized by Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii).

IT IS SO ORDERED.

Dated:   September 24, 2018

_____
UNITED STATES MAGISTRATE JUDGE