UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>    Plaintiff,<br><br>v.<br><br>J. JONES, *et al*.<br><br>    Defendants. | Case No. 1:15-cv-01360-DAD-JDP<br><br>ORDER SCHEDULING A TELEPHONIC HEARING ON PLAINTIFF'S MOTION TO COMPEL AND RELATED DISCOVERY ISSUES<br><br>ECF No. 57 |

    Plaintiff Jared M. Villery is a state prisoner proceeding without counsel in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion to compel additional responses to interrogatories and the production of more documents. *See* ECF No. 57. Defendants oppose the motion, arguing that they have responded to or properly objected to plaintiff's requests. *See* ECF Nos. 59, 60. Plaintiff replied to their responses on July 17, 2019. ECF No. 64.

    The court will hold a telephonic discovery conference on August 28, 2019, at 2:00 pm.

    The parties are strongly encouraged to confer on the scope of discovery prior to the conference and are reminded, as we have noted previously in this case, that "[b]oilerplate objections are disfavored and may be summarily overruled." ECF No. 32 at 1. If the parties can reach an agreement or partial agreement on the scope of discovery before the hearing, they should submit a joint statement to the court not later than close of business on Monday, August

26, 2019.

If the parties cannot reach any agreement on the scope of discovery before the hearing, they should arrive at the hearing prepared to discuss the following:

1. Offers to narrow the scope of document requests and reframe interrogatories. For example, plaintiff represents in the attachments to his motion that he has made offers to limit the scope of discovery. *See, e.g.*, ECF No. 57 at 51.

2. Which document requests have received no production (or attempts at production) and which have received a responsive production (and in what form). For example, defendants' initial objections to plaintiff's document requests often ended by noting that, "[b]ased on these objections, Defendant is unable to produce any documents in response to [the] request." *See, e.g.*, *id*. at 21, 23, 28. And in defendants' opposition to plaintiff's motion to compel, the paragraph devoted to the requests for documents states that "[d]efendants have in fact produced any responsive documents that could be found." ECF No. 60 at 7 (emphasis added). Plaintiff disputes that responsive documents have been provided for several requests, *see* ECF No. 64 at 6, and it is unclear whether there was any effort to make a production.

3. If the parties are unable to reach any agreement on the scope of discovery at the hearing, they should be prepared to discuss the legal merits of each request and the objections to each request.

**Order**

1. The court will hold a telephonic discovery conference on August 28, 2019, at 2:00 p.m. (dial-in number: 1-888-204-5984; passcode: 4446176) to discuss matters identified above.

2. Plaintiff must make arrangements with staff at his institution of confinement for his attendance at the conference.

    a. Plaintiff's institution of confinement must make plaintiff available for the telephonic conference.

    b. Before the conference, defense counsel must confirm with plaintiff's

institution of confinement that arrangements have been made for plaintiff's attendance.

    c. The clerk is directed to send a copy of this order to the litigation coordinator at plaintiff's institution of confinement.

IT IS SO ORDERED.

Dated:   August 14, 2019                 /s/ Jeremy Peterson
                                                UNITED STATES MAGISTRATE JUDGE

No. 205