UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>    Plaintiff,<br><br>    v.<br><br>J. JONES, *et al*.<br><br>    Defendants. | Case No. 1:15-cv-01360-DAD-JDP<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>ECF No. 57<br><br>THIRTY DAY DEADLINE |

Plaintiff Jared M. Villery is a state prisoner proceeding without counsel in this civil rights action pursuant to 42 U.S.C. § 1983. On May 29, 2019, plaintiff filed a motion to compel additional responses to interrogatories and the production of more documents. *See* ECF No. 57. After a series of informal hearings, exchanges, and additional productions, the outstanding issues were narrowed to six. *See* ECF No. 71. Plaintiff has recently indicated that further efforts to informally resolve these issues have been fruitless. *See* ECF No. 80.

We are guided by Federal Rule of Civil Procedure 26(b)(1), which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," so long as such discovery is balanced according to a variety of factors. District courts have "broad discretion to manage discovery." *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011).

The court grants Villery's motion with respect to one issue: defendant Yerton's response to request for production number 18. The court denies Villery's motion with respect to the

remaining outstanding issues. We discuss the six issues in turn.

**1. Defendant Yerton's response to request for production number 18.** Request for production number 18 asked defendant Yerton to "[p]lease identify and produce any and all e-mails that have been sent or received by Ms. Karin Richter, from the CDCR's Office of the Ombudsman, from January 1, 2014 through December 31, 2015 . . . which make reference to, and/or are in any way related to, the following words, terms, or subjects: (a) inmate Jared Villery; (b) California Correctional Institution; (c) retaliation at the California Correctional Institution; (d) Defendant Jay Jones; (e) Defendant Richard Schmidt; (f) Defendant David Nelson; (g) Defendant Rafael Escarcega; and (h) Defendant Christopher Yerton." ECF No. 71 at 12. Defendant Yerton's response was: "Without waiving previously-asserted objections, after a reasonable search and diligent inquiry, 427 emails were located related to the terms 'California Correctional Institution' that were sent or received by Ms. Richter during the time in question. *Of those emails*, none contained any of the other requested search terms, and none were relevant to any claims or defenses asserted in this action. On that basis, Defendant will not produce any documents in response to this request." *Id.* (emphasis added).

Defendant Yerton's response misconstrues plaintiff's request. Yerton (through Ms. Richter) appears to have searched for emails that contained the terms "California Correctional Institution" *and* any of the other search terms. But plaintiff did not request such a joint search—a joint search that could quite naturally be expected to reduce greatly the number of responsive documents.

The court orders Defendant Yerton to search for and produce all nonprivileged emails that were sent or received by Ms. Richter during the time in question that contain the *individual* terms plaintiff identities. At a minimum, such a response should include a search for all emails that contain (for example) "Villery." The court finds that such a search will be reasonably calculated to produce relevant evidence and is proportional to the needs of this case. *See, e.g.*, *Goolsby v. Gentry*, No. 1:11-CV-01773-LJO, 2015 WL 1849837, at *5 (E.D. Cal. Apr. 22, 2015) ("[E]mails suggesting a dislike for Plaintiff, or expressing a desire to retaliate against him, may be used to prove motive.").

**2. Defendant Schmidt's response to interrogatory number 1.** Interrogatory number 1 asks defendants to "describe in detail why you believe that your actions, as set forth in plaintiffs First Amended Complaint ("FAC"), did not violate any of plaintiff's rights." ECF No. 71 at 5. Defendant Schmidt's supplemental response contains several paragraphs that recall his interactions with Villery—interactions that took place six years ago. The court finds that this response is adequate and denies Villery's request for more.

**3. Defendant Jones's response to request for production number 6.** Request for production number 6 asked defendant to "identify and produce any and all staff complaints that have ever been filed against you during your entire career with the CDCR, by inmates other than plaintiff." ECF No. 71 at 17. Defendant produced a printout listing nine complaints with some redactions. *See id*. at 24. The court finds that this response is adequate and denies Villery's request for more.

**4. Defendants Escarcega, Jones, Schmidt, and Yerton's responses to request for production number 2.** This request asks defendants to "identify and produce any and all documents that comprise or are part of your CDCR personnel file, or any other file or database maintained by any law enforcement agency, which describe any and all adverse personnel actions, or any other form of disciplinary action taken against you, by the CDCR or other law enforcement agency, during your employment with the CDCR, as well as any and all documents which evidence the basis for why such disciplinary action was taken against you." ECF No. 71 at 16. The defendants stipulate that no responsive documents exist in their personnel files. *Id*. at 2. The court finds that defendants' stipulation is adequate and denies plaintiff's request for more.

**5. Request for production number 18 (directed at defendant Escarcega) and request for production number 24 (directed at defendant Jones).** Request for production 24 (defendant Jones) asked for "any and all witness statements, statements from plaintiff, evidence gathered, investigation reports, and/or any other documents or recordings created in connection with the investigation conducted by CDCR Internal Affairs Investigator Magallan,

into plaintiff's allegations that his inmate appeals were being destroyed by CCI staff." ECF No. 71 at 18. Request for production 18 (defendant Escarcega) asked for the same materials. *See* ECF No. 57 at 30. Defendants Escarcega and Jones "represent that they have produced all responsive documents in their possession, custody, and control related to these requests," while plaintiff "believes that Defendants may have the ability to demand additional responsive documents from the Office of Internal Affairs." ECF No. 76 at 1.

Rule 34(a)(1) of the Federal Rules of Civil Procedure allows parties to serve discovery request for certain relevant items "in the responding party's possession, custody, or control." "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *see also United States v. International Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir.1989) ("Control is defined as the legal right to obtain documents upon demand."). Here, plaintiff has failed to show that defendants have the legal right to obtain more documents. The court finds that defendants' responses are adequate and denies plaintiff's request for more.

**6. Defendant Nelson's response to request for production number 2.** Because Defendant Nelson has separate representation, this response came at a later date and was separately contested. *See* ECF No. 76 at 3. As stated above, this request asked defendant to "identify and produce any and all documents that comprise or are part of your CDCR personnel file, or any other file or database maintained by any law enforcement agency, which describe any and all adverse personnel actions, or any other form of disciplinary action taken against you, by the CDCR or other law enforcement agency, during your employment with the CDCR, as well as any and all documents which evidence the basis for why such disciplinary action was taken against you." ECF No. 80 at 5. Defendant Nelson responded in February that "there are no pending adverse personnel actions or disciplinary actions within his records." *Id*. Nelson's response described the only contents of the personnel file as a 2015 letter, which defendant

Nelson argues is both expired and confidential. *Id*. Plaintiff does not dispute this characterization of the letter, but instead argues that defendant Nelson may have access to other files. *See id*. at 2. As with the other responses to this request, the court finds defendant Nelson's response adequate and denies plaintiff's request for more.

**Order**

1. Plaintiff's motion to compel, ECF No. 57, is granted with respect to request for production number 18 (defendant Yerton) and denied with respect to all other outstanding issues.
2. Within thirty (30) days of the filing of this order, defendant Yerton must produce a supplemental response to request for production number 18.
3. The court sets a new dispositive motions deadline of May 22, 2020.

IT IS SO ORDERED.

Dated: March 18, 2020

UNITED STATES MAGISTRATE JUDGE

No. 205.