IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>  Plaintiff,<br><br> v.<br><br>J. JONES, *et al.*,<br><br>  Defendants. | Case No. 1:15-cv-01360-DAD-JDP<br><br>ORDER ON DISCOVERY AND SCHEDULING<br><br>ORDER REOPENING DISCOVERY FOR 90 DAYS AND EXTENDING THE DISPOSITIVE-MOTIONS DEADLINE FOR 150 DAYS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSTION AS MOOT<br><br>ECF No. 96 |

On Friday, August 24, the court held an informal status conference to discuss several discovery and scheduling issues raised by plaintiff. *See* ECF No. 92. Plaintiff and counsel for defendants appeared by telephone. While the court has not been presented with a formal motion on discovery issues, the court will, in light of the arguments presented, reopen discovery for 90 days from the date of this order and continue the dispositive-motions deadline for an additional 60 days thereafter. (Plaintiff may also oppose pending motions during that time.) Thus, the court will also deny plaintiff's pending motion for an extension—apparently mailed before the telephonic status conference took place—as moot. ECF No. 96.

The court does not believe that there are any further discovery issues requiring an additional motion or hearing at this time. At the status conference, the parties appeared to substantially

agree that (1) the dispositive-motions deadline could be extended; (2) there are no ripe or probable disagreements over the scope of the protective order; and (3) defendant Yerton may have, as defendants' counsel represented, properly produced all *relevant* emails in response to the court's order on plaintiff's motion to compel. *See* ECF No. 81.  Defendants' counsel committed to producing a more detailed breakdown of the email search, and the court hopes that such a breakdown will resolve the issue.

Finally, the court notes that the resolution of issues related to the discovery deadline may moot the first and second issues raised in plaintiff's motion for reconsideration. *See* ECF No. 82. However, unless plaintiff requests to withdraw it, that motion remains properly pending before the district judge.

IT IS SO ORDERED.

Dated:    September 1, 2020          /s/ Jeremy Peterson       
                                                        UNITED STATES MAGISTRATE JUDGE

No. 205.