1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARED M. VILLERY,

              Plaintiff,

    v.

JAY JONES, et al.,

              Defendants.

No.  1:15-cv-01360-DAD-JDP (PC)

ORDER GRANTING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE ASSIGNED MAGISTRATE JUDGE'S MARCH 18, 2020 ORDER

(Doc. No. 82)

Plaintiff Jared M. Villery is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This matter is before the court on plaintiff's request for limited reconsideration of the assigned magistrate judge's order of March 18, 2020 ruling on plaintiff's motion to compel discovery responses from defendants.  (Doc. No. 82.)  For the reasons set forth below, plaintiff's request for reconsideration will be granted.

## BACKGROUND

On May 29, 2019, plaintiff filed a motion to compel discovery responses from defendants. (Doc. No. 57.)  On March 18, 2020, the assigned magistrate judge issued an order granting in part and denying in part plaintiff's motion to compel.  (Doc. No. 81.)  On April 6, 2020, plaintiff filed the pending request for limited reconsideration of the magistrate judge's March 18, 2020 order.

(Doc. No. 82.)  Therein, plaintiff argues that:  (1) "[t]he Court's conclusion that Defendants Jones and Escarcega do not have constructive possession, custody, or control over specific [California Department of Corrections and Rehabilitation ("CDCR")] Internal Affairs records is clearly erroneous and contrary to law," and (2) "[t]he Court clearly erred when finding that Defendant Jones's response to Request for Production No. 6 was adequate."  (*Id.* at 5.)[1]

Pursuant to Local Rule 303(d), defendants' opposition, if any, needed to be filed by April 14, 2020.  However, defendants have not filed an opposition to the pending request for reconsideration and the time in which to do so has long since passed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge.  Fed. R. Civ. P. 72(a); *see also* L.R. 303(c).  The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law."  L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  Discovery motions are non-dispositive pretrial motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A).  Thus, the orders of a magistrate judge addressing discovery motions are subject to the "clearly erroneous or contrary to law" standard of review.  *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983).  The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law.  *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991).  "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D.

---

[1]  In the pending request for reconsideration, plaintiff also argues that "[t]he Court committed clear error when failing to reopen discovery and reset the Discovery cut-off deadline," as previously requested by plaintiff.  (Doc. No. 82 at 5; *see also* Doc. No. 58.)  That basis for reconsideration, however, has been rendered moot by the magistrate judge's September 1, 2020 order reopening discovery for ninety days and continuing the dispositive motion deadline for an additional sixty days thereafter.  (Doc. No. 98.)

1    Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential,

2    requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe &*

3    *Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal

4    quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th

5    Cir. 1997).

6                                      **DISCUSSION**

7         In denying plaintiff's motion to compel defendants Escarcega and Jones to produce the

8    documents requested by him, the magistrate judge ruled that:

9               Rule 34(a)(1) of the Federal Rules of Civil Procedure allows parties
                to serve discovery request for certain relevant items "in the
10              responding party's possession, custody, or control." "[F]ederal
                courts have consistently held that documents are deemed to be within
11              the 'possession, custody or control' for purposes of Rule 34 if the
                party has actual possession, custody or control, or has the legal right
12              to obtain the documents on demand." *In re Bankers Tr. Co.*, 61 F.3d
                465, 469 (6th Cir. 1995); *see also United States v. International
13              Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th
                Cir.[]1989) ("Control is defined as the legal right to obtain
14              documents upon demand."). Here, plaintiff has failed to show that
                defendants have the legal right to obtain more documents. The court
15              finds that defendants' responses are adequate and denies plaintiff's
                request for more.
16

17   (Doc. No. 81 at 4.)

18        Plaintiff argues that the magistrate judge erroneously concluded that defendant Escarcega

19   and Jones did not have possession, custody, or control over CDCR Internal Affairs documents

20   that he had requested from them in his Requests for Production Number 18 and 24, respectively.

21   (Doc. No. 82 at 4.)  The magistrate judge did not address plaintiff's contention that defendants

22   Escarcega and Jones have *constructive* control of the requested documents by virtue of their

23   employment with CDCR and the fact that they are both represented in this action by the

24   California Attorney General's Office.  (Doc. No. 57 at 31; Doc. No. 82 at 7–8.)  Indeed, judges of

25   this district have often compelled defendants to produce CDCR documents that they have

26   constructive control over.  *See Mundo v. Carmona*, No. 1:16-cv-01687-AWI-MJS, 2018 WL

27   1083889, at *2 (E.D. Cal. Feb. 28, 2018) (noting that in the court's experience "individual

28   defendants who are employed by CDCR and/or the Attorney General can generally obtain

                                          3

documents . . . from CDCR by requesting them," and ruling that defendant had control over requested documents and had to produce them because he was employed by non-party CDCR and was represented by the Attorney General's Office); *Mitchell v. Adams*, No. 2:06-cv-02321-GGH, 2009 WL 674348, at *9 (E.D. Cal. Mar. 6, 2009) (requiring documents to be produced because, "[w]hile the defendant warden in his personal or individual capacity may not have custody of the documents at issue, because 'control' is determined by authority, he has constructive possession, custody or control").  Although motions to compel discovery from CDCR employees who have contended that they do not have constructive possession over the requested documents and have provide factual support for that contention have been denied, *see Woodall v. California*, No. 1:08-cv-01948-LJO-DLB, 2011 WL 240717, at *1 (E.D. Cal. Jan. 24, 2011), here defendants Escarcega and Jones have not argued that they do not have ready access to the requested documents or that they cannot request them from CDCR.[2]

Accordingly, defendants Escarcega and Jones will be ordered to produce the documents requested by plaintiff in his Requests for Production Number 18 and 24, respectively.

Next, the court addresses plaintiff's contention that the magistrate judge erred in finding that defendant Jones adequately responded to plaintiff's Request for Production Number 6, which sought identification and production from each defendant of any and all staff complaints that have ever been filed by other inmates against them while employed with CDCR.  (Doc. Nos. 57 at 25; 82 at 11.)  Defendant Jones responded and produced lists of staff complaints filed against him and some of the other defendants in this action with redactions.  (*See* Doc. No. 71 at 20–24.)  Plaintiff contends that "it is impossible for [him] to glean anything from a list of Complaints, which

---

[2]  The undersigned acknowledges that after the magistrate judge reopened discovery in this case, *see* footnote 1 above, the magistrate judge granted plaintiff's motion for the issuance of subpoenas *duces tecum* on the warden of the facility at issue in this action, the chief of the office of CDCR's Internal Affairs Office, and the inspector general for the State of California, seeking what appear to be the same documents that he is seeking from defendants Escarcega and Jones. (*Compare* Doc. Nos. 100, 101, *with* Doc. No. 57 at 30.)  Even if the documents plaintiff is seeking from non-parties overlap with those he is seeking from defendants Escarcega and Jones, the fact that plaintiff may be able to obtain copies of the requested documents from those non-parties does not absolve defendants of their obligations to comply with plaintiff's appropriate discovery requests.

provides no information whatsoever pertaining to the substance of the complaints, or the basis for why they were filed . . .."  (Doc. No. 82 at 11.)

The magistrate judge's order as to this issue provided no analysis as to why producing a list of complaints filed by inmates against some of the defendants is an "adequate" response to plaintiff's request for production of copies of the complaints themselves.  Because plaintiff alleges that defendants engaged "in a pattern of repeated violations of his right to be free from retaliation, occurring as retribution for [his] pursuit of constitutionally protected activities" (Doc. No 16 at 2), the substance of any complaints by other inmates alleging similar conduct by some or all of the defendants is relevant to plaintiff's claims at issue in this action.  *See* Fed. R. Civ. P. 26 ("Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case.") (emphasis added).  Indeed, courts have recognized that "[c]omplaints against officers . . . may show, among other things, the character or proclivity of such officers toward violent behavior or possible bias." *Taylor v. Los Angeles Police Dep't*, No. 99-cv-0383-RT(RCX), 1999 WL 33101661, at *4 (C.D. Cal. Nov. 10, 1999).  Moreover, "such documents would bear upon [each defendants'] . . . previous alleged misconduct and/or responses to such alleged misconduct." *Ramirez v. Cty. of Los Angeles*, 231 F.R.D. 407, 412 (C.D. Cal. 2005).  Thus, the magistrate judge's ruling that defendant Jones' production of a list of complaints that failed to describe the substance of those complaints was an adequate response to plaintiff's Request for Production Number 6—is clearly erroneous and contrary to law.

Accordingly, defendants will also be ordered to produce documents responsive to plaintiff's Request for Production Number 6.

## CONCLUSION

For the reasons set forth above,

1.    Plaintiff's request for reconsideration (Doc. No. 82) of the magistrate judge's March 18, 2020 order is granted; and

2.    Within thirty (30) days of the date of issuance of this order:

/////

a.  Defendant Escarcega shall respond to and produce the documents requested by plaintiff in Request for Production No. 18;

b.  Defendant Jones shall respond to and produce the documents requested by plaintiff in Request for Production No. 24; and

c.  Defendants shall respond to and produce the documents requested by plaintiff in Request for Production No. 6.

IT IS SO ORDERED.

Dated:   **October 28, 2020**

_____

UNITED STATES DISTRICT JUDGE