UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>  Plaintiff,<br>v.<br><br>JAY JONES, et. al.,<br><br>  Defendants. | No. 1:15-cv-1360-DAD-HBK<br><br>AMENDED ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER[1]<br><br>Doc. No. 109<br><br>**Final Discovery deadline: March 22, 2021**<br><br>**Dispositive motions deadline: May 26, 2021** |

Pending before the Court is Plaintiff's motion to modify the discovery and scheduling order filed December 3, 2020[2] (Doc. No. 109). Defendant Nelson filed a response opposing the motion

---

[1] This Amended Order is only entered for purposes of correction the omission in the initial order to include Defendant Escarcega and granting the enlargement of time as to Escarcega.

[2] Under the prison mailbox rule, a prisoner's legal pleadings are considered filed at the time of delivery to prison authorities for forwarding to the court. *Houston v. Lack*, 487 U.S. 266. However, if there is a gap in time between the date written on the pleading and the date filed in court evidencing delay, a court can reasonably conclude that the mailbox rule doesn't apply. *Wolff v. California*, 236 F. Supp. 3d 1154, 1159 (Feb. 22, 2017). Here, Plaintiff dated his motion on November 24, 2020. The Clerk's office filed the document on December 3, 2020, approximately 9 days later, with an intervening Thanksgiving holiday. *See* Doc. No. 109 at 6. Considering the intervening holiday, it is plausible that Plaintiff gave the document to prison authorities on

1

on December 10, 2020 (Doc. No. 112). Defendants Escarcega, Jones, Schmidt, and Yerton filed a notice of non-opposition to the motion on December 15, 2020 (Doc. No.113). Plaintiff filed a reply to Nelson's opposition on January 4, 2021 (Doc. No. 114).

On January 20, 2021, the undersigned held a hearing on the above-referenced motion. During the hearing, the Court determined that the instant motion in fact consisted of two different motions: (a) a motion to enlarge the time to file a motion to compel as to Defendant Nelson; and (b) a motion to modify the discovery and scheduling order as to Defendants Nelson, Jones, Schmidt, and Yerton. The Court addresses each motion in turn, but first provides a review of the docket and background.

**Background**

On September 14, 2015, Plaintiff, who is proceeding *pro se*, initiated this action by filing a prisoner civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1). Plaintiff is proceeding on his First Amended Complaint filed on May 26, 2017 (Doc. No. 16). The court's § 1915A screening findings and recommendation order issued on November 13, 2017, adopted by the District Court (Doc. No. 23), found in pertinent part that Plaintiff stated a First Amendment retaliation claim for damages against Defendants Jones, Schmidt, Yerton, Excarcega, and Nelson stemming from the following incidents:

> (1) against Defendants Jones and Schmidt for filing false disciplinary proceedings; (2) against Defendants Jones and Schmidt for filing false disciplinary charges on January 27, 2014; (3) against Defendant Jones for denying Plaintiff access to the law library in February and March 2014; (4) against Defendants Schmidt, Yerton, Excarcega and Nelson for re-housing Plaintiff with inmate Jones; and (5) against Defendant Jones for destroying a March 20, 2014 grievance.

*See* Doc. No. 19 at 17-18.

---

November 24, 2020, and this court applies the mailbox.

Discovery was supposed to *end nearly two years* ago in this case, well before the current COVID crisis. Specifically, the initial scheduling order set the discovery and dispositive deadlines on January 27, 2019 and March 18, 2019. *See* Doc. No. 32. Thereafter, the court entered approximately four orders granting enlargements of time and has spent hours in hearings on Plaintiff's motions for more time. Specifically, on January 14, 2019, the court approved the parties' stipulation extending the discovery and dispositive deadlines to June 7, 2019 and July 18, 2019, respectively. *See* Doc. No. 49. On July 19, 2019, the court again extended the discovery and dispositive deadlines to March 9, 2020 and June 22, 2020, respectively. *See* Doc. No. 79, Doc. No. 84. Then, a July 29, 2020 order extended the dispositive deadline to September 21, 2020 for Plaintiff. *See* Doc. No. 93. As a result of Plaintiff's motion raising concerns with discovery and scheduling issues in the case, the former magistrate judge held a hearing on September 1, 2020, and thereafter re-opened discovery for 90 days and extended the dispositive deadline for 150 days, resulting in deadlines of November 30, 2020 and January 29, 2021, respectively. *See* Doc. No. 98.

**Plaintiff's Motion**

In the instant motion, Plaintiff now seeks until March 30, 2021 for discovery and May 29, 2021 for the dispositive deadline and cites the outbreak of covid-19 as the basis for the enlargement of time. Doc. No. 109 at 1. Plaintiff states during the 90-day enlargement of discovery he was on quarantined three times and claims he "caught covid-19," although he acknowledged he refused to be tested for Covid. *Id.* at 4.

Nelson opposes the motion for the reasons set forth below. The remaining defendants do not oppose Plaintiff's motion and in fact stated defendants would have sought more time to file a dispositive motion, if Plaintiff had not moved.

In Reply to Nelson's opposition, Plaintiff files a 48-page document, including exhibits. *See* Doc. 114. Plaintiff reiterates that the quarantine prevented his access to the law library. *Id.* at 1-2.

3

Plaintiff further argues that Nelson's representation that his motion was filed "after the close of discovery" fails to acknowledge the prison mailbox rule. *Id.* at 3. Plaintiff also claims that discovery closed on June 7, 2019 and was not opened again until September 1, 2020, thereby remaining closed for nearly 15 months. *Id.*

**Standard of Review**

Federal Rule of Civil Procedure 1 requires that the court and the parties secure "the just, speedy, and inexpensive determination of every action." *Id.* Fed. R. Civ. P. 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the original time, or its extension expires; or, on a motion made after the time has expired, if the party failed to act because of excusable neglect. Additionally, Fed. R. Civ. P. 16(b)(4) permits a court to modify a scheduling order for good cause shown and with the judge's consent.

Good cause requires less than manifest injustice but a focus on the diligence of the moving party and that party's reasons for seeking modification are the court's focus in determining whether to permit an enlargement of time. *Stoddart v. Express Services*, 2017 WL 3333994 *1-*2 (E.D. Ca. August 4, 2017) (other citations omitted). "A scheduling order is not 'a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* at 1 (other citations omitted). If the moving party fails to show diligence, the inquiry should end. *United States for use and benefit of Chen v. K.O.O. Construction, Inc.*, 445 F. Supp.3d 1055, 1056 (S.D. Ca. May 8, 2020) (citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)).

**Defendant Nelson**

Nelson opposes Plaintiff's motion to re-open discovery and dispositive motion deadlines. Defendant Nelson argues that Plaintiff has neither identified what discovery is needed, nor how the information sought is relevant to his claims or defenses, nor is the discovery sought proportional to

4

the needs of the case. Doc. No. 112 at 1-2, 5 (citing *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004)). Nelson further points out that Plaintiff pursued discovery in this case "both <u>before and during</u> the covid-19 pandemic." *Id.* at 2 (emphasis in original). Nelson explains that since the court's reopening of discovery, Plaintiff propounded 147 requests for admission on Nelson and a second set of interrogatories containing 14 questions with subparts. *Id.* at 34. Further, during the pandemic, Nelson points out that Plaintiff sought "audio interviews of CDCR personnel upon which the administrative investigation report as based even though the report contains the investigators' summaries of said interviews." *Id.* Nelson maintains that "the actual injury in this case boils down to several days of emotional discomfort and possible loss of sleep from being cellmates with inmate Jones." *Id.* at 5.

During the hearing, Plaintiff acknowledged Nelson responded to his discovery requests, but clarified that he found Nelson's responses inadequate and wishes to compel better answers or production from Nelson. Plaintiff claims he cannot respond to the summary judgment motion until he has better responses from Nelson.

Based a totality of the record and argument presented during the hearing, the Court does not find Plaintiff has exercised diligence to justify extending the case management deadlines for a fifth time against Nelson, over Nelson's objection. The Court is persuaded by defense counsel's arguments, especially the fact that Plaintiff was able to file the instant motion and a forty-page reply to Nelson's response in opposition, but was unable to pursue other discovery, or move to compel, as to Nelson. While the Court is sensitive to the challenges presented during the covid-19 pandemic, including the challenges prisoners face, these challenges alone do not equate to prejudice, or unfounded enlargements of time for discovery without good cause and a showing of diligence. *United States for use and benefit of Chen v. K.O.O. Construction, Inc.*, 445 F. Supp.3d 1055, 1056 (S.D. Ca. May 8, 2020) (collecting cases in context of enlargement of time to conduct

depositions in person, as opposed to remotely, during covid-19 pandemic) (citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)).

However, to the extent Nelson's answers to Plaintiff's discovery were served on November 2020, shortly before Plaintiff faced quarantine at the correctional institution, thereby interfering with Plaintiff's ability to file a motion to compel concerning the discovery, the Court will grant Plaintiff a short enlargement of time to file a motion to compel as to discovery Plaintiff already propounded on Nelson. Plaintiff must file any motions to compel directed at Nelson within fourteen (14) days from the date on this Order. At expiration of such time, absent a motion to compel being filed in the Court, Plaintiff will be expected to respond to Defendant Nelson's motion for summary judgment within thirty (30) days.

**Defendants Escarcega, Jones, Schmidt, and Yerton**

Defendants Escarcega, Jones, Schmidt, and Yerton do not oppose Plaintiff's motion to enlarge the case management deadlines for discovery and dispositive motions. Defendants' counsel in fact states he would have moved for more time to file a dispositive motion on behalf of these defendants.

Considering the mutual request for an enlargement of the remaining case management deadlines, the Court grants Plaintiff's motion as to Defendants Jones, Schmidt, and Yerton and will extend the remaining deadlines as to these defendants only.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to modify discovery and scheduling order (Doc. No. 109) is **GRANTED in part and DENIED in part as follows**:

(a) To the extent the motion consists of a motion to enlarge the time to file a motion to compel as to Defendant Nelson, the motion is **GRANTED**. Plaintiff must file a motion to compel as to Nelson within fourteen (14) days from the date on this order.

(b) At expiration of such time, absent a motion to compel being filed in the Court, Plaintiff will be expected to respond to Defendant Nelson's motion for summary judgment within thirty (30) days.

(c) In all other respects, Plaintiff's motion is **DENIED** as to Nelson.

2. To the extent Plaintiff's motion consists of a motion to modify the discovery and scheduling order as to Defendants Escarcega, Jones, Schmidt, and Yerton, which is unopposed, the motion is **GRANTED**.  The Court modifies the following discovery deadline only as to Plaintiff and Defendants Escarcega, Jones, Schmidt and Yerton:  Discovery Deadline:  March 22, 2021 and Dispositive Motions Deadline: May 26, 2021.

IT IS SO ORDERED.

Dated:    February 4, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE