UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>                              Plaintiff,<br><br>      v.<br><br>JAY JONES, et. al.,<br><br>                              Defendant. | Case No.  1:15-cv-01360-DAD-HBK<br><br>ORDER RESOLVING PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF NELSON'S RESPONSES TO REQUESTS FOR ADMISSION AND DENYING RELIEF THEREIN<br><br>Doc. No. 119 |

Pending before the Court is plaintiff's "motion to determine the sufficiency of defendant's Nelson's Answers/Objections to Requests for Admissions, and/or deem the requests admitted," filed February 22, 2021.  (Doc. No. 119, Motion).  Defendant Nelson filed a response noting untimeliness of the motion and objecting to the merits.  (Doc. No 123, Response).  This matter is ripe for review.

**I. Background and Plaintiff's claims**

Plaintiff is a prisoner proceeding *pro se* on his First Amended Complaint.  (Doc. No. 16). The court's § 1915A screening findings and recommendation order, adopted by the District Court (Doc. No. 23), found in pertinent part that the Amended Complaint stated a First Amendment retaliation claim for damages against Defendants Jones, Schmidt, Yerton, Excarcega, and Nelson stemming from the following incidents:

> (1) against defendants Jones and Schmidt for filing false disciplinary proceedings; (2) against defendants Jones and Schmidt for filing false disciplinary charges on January 27, 2014; (3) against

1

> Defendant Jones for denying Plaintiff access to the law library in February and March 2014; and (4) against defendants Schmidt, Yerton, Excarcega and Nelson for re-housing plaintiff with inmate Jones; and (5) against defendant Jones for destroying a March 20, 2014 grievance.

Doc. No. 19 at 17-18.

On January 20, 2021, the court held a status conference in part to address plaintiff's motion to modify the discovery and scheduling order. (Doc. No. 116). Thereafter, the Court entered an Amended Order granting in part and denying in part plaintiff's motion to modify discovery and scheduling order. (Doc. No. 118). Plaintiff's motion to extend deadlines was denied as to defendant Nelson, who has had a pending motion for summary judgment filed since June 22, 2020, but the court permitted plaintiff a limited period of 14 days from the date on the order to file any outstanding discovery motions directed at Nelson. (*Id*.). Plaintiff's motion was granted as to the other defendants who unopposed modifying the scheduling order, and the court set a new discovery deadline of March 22, 2021 and a dispositive deadline of May 26, 2021. (*Id*.).

As mentioned above, plaintiff filed his motion under Fed. R. Civ. P. 36(a)(6) to determine the sufficiency of defendant's Nelson's Answers/Objections to Requests for Admissions, and/or deem the requests admitted," on February 22, 2021. *See generally* Motion. Plaintiff seeks an order either: (1) deeming Nelson's responses to be full admissions as to Request Nos. 1, 7-18, 22, 24-25, 28-147; (2) compelling Nelson to respond; or (3) requiring Nelson give an explanation describing steps taken as part of a reasonable inquiry, on a request-by-request basis. *Id.* at 23.

## II. Legal Standards of Review

### A. Rule 26- Scope of discovery generally

"[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount of controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden and expense of the proposed discovery outweighs the benefit.  Information within the scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1) (emphasis added).  District courts have "broad discretion to manage discovery." *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011).

**B. Rule 36- Motion request court to determine sufficiency of defendant's responses to requests for admission**

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of mattes within the scope of Rule 26(b)(1) related to: (a) facts, the application of law, or opinions about either; and (b) the genuineness of any described documents. Rule 36 is not a discovery device."  Fed. R. Civ. P. 36(a).  "Each matter must be separately stated. A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."  Fed. R. Civ. P. 36(a)(2).  Generally, Rule 36(a) requires one of three responses to a request for admission: (1) an admission; (2) a denial; (3) a statement detailing why the answering party cannot admit or deny the matter.  Fed. R. Civ. P. 36 (a)(4);

Under Rule 36(a)(6), a "requesting party may move to determine the sufficiency of an answer or objection.  Unless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses." *Id.*

The purpose of the rule is to reduce costs of litigating by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of the disputed issues, and to facilitate the presentation of cases to the trier of fact.  *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245-46 (9th Cir. 1981).  Generally, a reasonable inquiry is limited to review and inquiry of those persons and documents that are within the responding party's control, or readily obtainable.  *Id.* at 1246 (citations omitted).

3

While the discovery rules afford a party with liberality, they also provide a party with the significant potential for abuse during pretrial discovery. *Seattle Time Co. v. Rhinehart,* 467 U.S. 20, 34 (1984). It is well recognized that "requests to admit may be so voluminous and so framed that the answering party finds the task of identifying what is in dispute and what is not unduly burdensome." Fed. R. Civ. P. 36 advisory committee note (1970 amendment). *See also Knapp v. Cate*, No. 1:08-CV-01779-AWI-BAM, 2012 WL 2912254, at *2 (E.D. Cal. July 16, 2012) (finding 100 requests for admission excessive and limiting requests to 25 per defendant); *Mitchell v. Yeutter*, No. 89-1465-FGT, 1993 WL 139218, at *1 (D. Kan. Jan. 12, 1993) (finding plaintiff's 90 requests for admission "that focus on small details, and not on major factual issues" excessive and limiting requests to 40).

### III. Analysis

#### A. Timeliness

In response to plaintiff's Motion, defendant Nelson first contends that plaintiff's motion is untimely filed. Response at 2-3. Under the prison mailbox rule, a prisoner's legal pleadings are considered filed at the time of delivery to prison authorities for mailing to the court. *Houston v. Lack*, 487 U.S. 266 (1988). Courts deem the *pro se* prisoner's date of signature on the pleading the date of filing, absent evidence to the contrary. *Roberts v. Marshall*, 627 F.3d 768, 769 fn. 1 (9th Cir. 2010), *see also Wolff v. California*, 236 F. Supp.3d 1154, 1159 (E.D. Ca. Feb. 22, 2017) (noting court need not treat a document as filed on the date it was purportedly submitted to prison staff for mailing when the gap between the date and the postmark date is so long that the claimed submission date appears implausible).

Under Fed. R. Civ. P. 6, plaintiff's motion was due to be filed within 14 days from the date of the order, making Friday, February 18, 2021 the operative deadline. Plaintiff signed the document a day earlier than the deadline, on February 17, 2021, *see* Doc. No. 119 at 19, and the Clerk filed the pleading on February 22, 2021. Accordingly, the motion is timely and defendant's untimeliness argument is rejected.

### B.  Merits review

Turning to the merits of the motion, defendant Nelson in summary argues that he conducted a reasonable inquiry when responding to plaintiff's requests for admission and that the 147 requests for admission plaintiff pounded on him were burdensome and oppressive.  Response at 3 (citing Doc. No. 119, Exh. B).   Relying in Fed. R. Civ. P. 26(b)(1), Nelson argues the number of requests is not proportional to the issues at stake in the litigation.  *Id.*  Nelson characterizes plaintiff's requests for admission as "very specific" concerning entries or events on specific days and times of materials plaintiff clearly must have had in his possession when drafting.  *Id.*  Nelson also objects to various requests because plaintiff did not attach the documents to the request for admission in compliance with the rules for Nelson's review when responding to the request for admissions.  *Id.*

The court has spent an inordinate amount of time reviewing plaintiff's requests for admission and defendant Nelson's responses.  (Doc. No. 119, Exh. B).   For purposes of judicial efficiency, the court will not recite to all of plaintiff's 147 requests for admission herein, but agrees with defendant that the requests for admission are very specific-- so much so the requests do not comply with Fed. R. Civ. P. 36 pertaining to "facts" within the purview of Rule 26(b)(1), particularly when keeping in mind the issues in this case against Nelson.  As to Nelson, plaintiff pursues a First amendment retaliation claim stemming from "re-housing" inmate Jones with plaintiff for 7 to 8 days, when no physical altercation occurred between the two inmates, and plaintiff was moved from the cell by another correctional official and assigned a new cellmate.

By way of example, plaintiff's request for admission 1 and Nelson's response is as follows:

**REQUEST FOR ADMISSION NO. 1:**
Admit that from January 15, 2014 through June 26, 2014, you worked as a floor officer in H.U. #2, during Third watch, on at least one hundred-fifteen (115) different occasions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendant objects that the request is unduly burdensome, not relevant to any party's claims or defenses, and not proportional to

1

2

3

> the needs of the case.  Without waiving the objections, Defendant
> admits that he worked as a floor officer on third watch in Unit 2
> during the time in question.  Defendant is unable to admit or deny
> the remainder of the request.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

*Id.* at 33.   The number of times defendant Nelson worked on watch for the unit is not likely to narrow the issues for trial concerning plaintiff's retaliation claim for "re-housing" plaintiff with inmate Jones.  Further, in response to plaintiff's question, Nelson admitted that he was on watch during the relevant time in question.  Nelson's answer is proper.  Similarly, plaintiff's request no. 2 asks about his housing assignment for the same period of time, January 15, 2014 through June 26, 2014, and Nelson's response "admits that plaintiff was housed in Unit 2 during the time in question."  *Id.* at 35.  Nelson's further response that "he has no independent recollection" whether plaintiff was housed in cell 104 is a proper response.  Due to the degree of specificity of numerous requests or the extended period of time covered by the request, defendant Nelson admitted that portion of the requests or explained that he lacked an "independent recollection" to explain why he could neither admit not deny the requests.   *See also* Request Nos. 9-18, 22, 24-25.  Regarding request nos. 28-147, defendant Nelson objected to the request on the basis that the propounded requests were "excessive" and posed "an undue burden" on him, or referenced documents not attached to the requests.  *Id.* at 40-81.  Defendant Nelson further objected that the propounded requests were not related to the claims or defenses.  *Id.*  Notably, various requests referenced names of various inmates not relevant to the claims in this case, or asked about specified dates or range of dates and specific hours of time, requested information about documents not attached to the requests, or asked whether after the relevant time period, Nelson considered various correctional officials who are not named as defendants "to be a reasonable prison official."  *See* Request no. 143, 144-147.  Plaintiff does not define what he means by "reasonable" anywhere in the requests.

25

26

27

28

       The court agrees that the requests are excessive and unduly burdensome.  The vast majority of the requests do not ask about the important facts but focus on irrelevant minutiae. With regard to those requests about relevant facts, defendant Nelson has provided proper responses.  Having considered the claims at issue and having reviewed the requests and

responses, the court finds defendant Nelson made a good faith attempt to provide well-reasoned responses to plaintiff's 147 requests for admissions, made proper admissions and denials, and raised proper objections.  While some of the objections did contain boilerplate responses, defendant nonetheless considered plaintiff's requests and made responses when the request was relevant to the claims.  Therefore, defendant will not be required to provide further responses to any of the request for admissions plaintiff propounded on Nelson.

ACCORDINGLY, it is **ORDERED**:

1.  Plaintiff's Rule 36(a)(6) motion (Doc. No. 119) is resolved to the extent the relief plaintiff seeks therein is **denied.**

2.  Defendant Nelson is not required to provide further responses to Plaintiff's request for admissions.

IT IS SO ORDERED.

Dated:    April 6, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7