1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JARED M. VILLERY,                          No.  1:15-cv-01360-DAD-HBK (PC)

12                    Plaintiff,

13        v.                                      ORDER GRANTING PLAINTIFF'S
                                                  REQUEST FOR RECONSIDERATION OF
14   JAY JONES, et al.,                           THE ASSIGNED MAGISTRATE JUDGE'S
                                                  APRIL 6, 2021 ORDER
15                    Defendants.
                                                  (Doc. No. 127)
16

17        Plaintiff Jared M. Villery is a state prisoner proceeding *pro se* and *in forma pauperis* in

18   this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United

19   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        This matter is now before the court on plaintiff's request for reconsideration of the

21   assigned magistrate judge's discovery order of April 6, 2021 (Doc. No. 124) denying plaintiff's

22   motion to determine the sufficiency of defendant David Nelson's responses to plaintiff's requests

23   for admission ("RFAs") (Doc. No. 119).  (Doc. No. 127.)  For the reasons set forth below,

24   plaintiff's request for reconsideration (Doc. No. 127) will be granted, as will his motion to

25   determine the sufficiency of defendant Nelson's responses to his RFAs (Doc. No. 119).

26                                    **BACKGROUND**

27        This case proceeds on plaintiff's claims of retaliation in violation of the First Amendment

28   against defendants Jones, Schmidt, Yerton, Escarcega, and Nelson, who at all relevant times were

                                             1

correctional officers at California Correctional Institute where plaintiff was incarcerated. (Doc. No. 23.) As the assigned magistrate judge noted in the April 6, 2021 order, plaintiff's claims against each defendant stem from the following alleged incidents:

> (1) against defendants Jones and Schmidt for filing false disciplinary proceedings; (2) against defendants Jones and Schmidt for filing false disciplinary charges on January 27, 2014; (3) against defendant Jones for denying plaintiff access to the law library in February and March 2014; (4) against defendants Schmidt, Yerton, Escarcega and Nelson for re-housing plaintiff with inmate Jones; and (5) against defendant Jones for destroying a March 20, 2014 grievance.

(Doc. No. 124 at 1–2.)

On February 4, 2021, the magistrate judge granted in part plaintiff's motion to modify the discovery and scheduling order in this case, providing him "a short enlargement of time to file a motion to compel as to discovery plaintiff already propounded on [defendant] Nelson" and setting a deadline for plaintiff to "file any motions to compel directed at Nelson." (Doc. No. 118.) In particular, plaintiff had propounded 147 requests for admission ("RFAs") on defendant Nelson, and plaintiff believed that defendant Nelson did not comply with Rule 36 of the Federal Rules of Civil Procedure in responding to those requests. (*See* Doc. No. 119 at 5.)

Thereafter, on February 22, 2021, plaintiff filed a motion to determine the sufficiency of defendant Nelson's responses to plaintiff's RFAs pursuant to Rule 36(a)(6). (Doc. No. 119.) On March 15, 2021, defendant Nelson filed his opposition thereto. (Doc. No. 123.) On April 6, 2021, the magistrate judge issued an order denying the relief that plaintiff had requested by that motion. (Doc. No. 124.) Plaintiff did not receive a copy of the magistrate judge's order until after he had already mailed his reply brief to the court for filing on April 12, 2021.[1] (Doc. No.

---

[1] Because defendant Nelson's opposition was filed on March 15, 2021, the filing deadline for plaintiff's reply was March 22, 2021. *See* Local Rule 230(l) (providing that for motions in prisoner actions, "[t]he moving party may, not more than seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition. All such motions will be deemed submitted when the time to reply has expired."). In his request for reconsideration, plaintiff explains that he received defendant Nelson's opposition in the mail on March 19, 2021, and that "after experiencing ongoing problems accessing his prison's law library, on April 12, 2021, [he] constructively filed his reply to Nelson's opposition, by turning it over to prison officials on that date, to be mailed to the court." (Doc. No. 127 at 7.)

126.) Thus, his reply brief was not timely filed and was not considered by the magistrate judge in resolving plaintiff's Rule 36(a)(6) motion.

On April 22, 2021, plaintiff filed the pending request for reconsideration of the magistrate judge's order dated April 6, 2021 pursuant to Local Rule 303(c) and Rule 72(a) of the Federal Rules of Civil Procedure. (Doc. No. 127.) On May 7, 2021, defendant Nelson filed his opposition to plaintiff's pending request for reconsideration. (Doc. No. 128.) On May 27, 2021, plaintiff filed a reply thereto. (Doc. No. 133.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). Discovery motions are non-dispositive pretrial motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Thus, the orders of a magistrate judge addressing discovery motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Intern., Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

3

**DISCUSSION**

**A.      Scope and Procedure for Requests for Admission**

Rule 36 of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:  (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.  Fed. R. Civ. P. 36(a)(1).  As to the scope of discovery, Rule 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  As to the requesting party's obligations, Rule 36 provides that "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."  Fed. R. Civ. P. 36(a)(2).

As to the responding party's obligations in answering the requests, "a party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).  In this regard, Rule 36 provides as follows:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).  In *Asea Inc.*, the Ninth Circuit clarified that "a response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule

4

36(a) if the answering party has not, in fact, made 'reasonable inquiry,' or if information 'readily obtainable' is sufficient to enable him to admit or deny the matter." 669 F.2d at 1247. The Ninth Circuit further noted that it is "clear that an evasive denial, one that does not specifically deny the matter, or a response that does not set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission." *Id.* at 1245 (internal quotations and citation omitted); *see also A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 254 (C.D. Cal. 2006) (granting motion to deem admitted certain requests for admission where the responding parties evaded their obligations under Rule 36(a) and ignored their "duty to conduct a reasonable inquiry," including "at a minimum, an inquiry of the other defendants represented by the same counsel," "[c]onsidering the close personal, business and litigation relationship between defendants"); *Thompson v. Yates*, No. 1:06-cv-00763-RCC, 2011 WL 5975469, at *3 (E.D. Cal. Nov. 29, 2011) (finding "[a]s to those matters neither admitted nor denied because Defendants claim to have insufficient knowledge," that their "answers are insufficient because Defendants did not state that they had undertaken a reasonable inquiry into each matter in their response"). Thus, the responding party must "make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts." *A. Farber & Partners*, 237 F.R.D. at 254 (quoting *Henry v. Champlain Enter.*, Inc., 212 F.R.D. 73, 78 (N.D.N.Y. 2003)).

To the extent the responding party objects to a request for admission, Rule 36 provides that "[t]he grounds for objecting to a request must be stated." Fed. R. Civ. P. 34(a)(5). Moreover, as with responses to other forms of discovery, boilerplate objections to requests for admission are not sufficient. *See Thompson*, 2011 WL 5975469, at *3 ("declin[ing] to consider objections raised in boilerplate language" and requiring responding party to respond further to seventy requests for admission); *AECOM Energy & Constr., Inc. v. Ripley*, No. 17-cv-5398-RSW-LSS, 2018 WL 6266462, at *6 (C.D. Cal. Oct. 3, 2018) ("Boilerplate objections of any type are improper in federal court."); *A. Farber & Partners*, 234 F.R.D. at 188 ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections," and

"boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper."); *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) (noting that "unexplained and unsupported boilerplate objections are improper").

"The discovery process is subject to the overriding limitation of good faith. Callous disregard of discovery responsibilities cannot be condoned." *Asea, Inc.*, 669 F.2d at 1246. "Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994). "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc.*, 669 F.2d at 1245.

Finally, Rule 36 provides that "[t]he requesting party may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). After determining the sufficiency of an objection, the court must order the responding party to answer the request "[u]nless the court finds an objection justified." (*Id.*) In reviewing the sufficiency of an answer, if the court finds "that an answer does not comply with [Rule 36], the court may order either that the matter is admitted or that an amended answer be served." (*Id.*)

## B. Plaintiff's Rule 36(a)(6) Motion to Determine the Sufficiency of Nelson's Responses

According to plaintiff, defendant Nelson responded properly to only 11 of his 147 RFAs, responded insufficiently to 16 of his RFAs by relying upon his lack of knowledge to admit or deny without conducting a reasonable inquiry to enable him to admit or deny those requests, and improperly refused to respond to the remaining requests based on boilerplate objections that those requests were irrelevant and/or burdensome. (Doc. No. 119 at 5–6.) In his Rule 36(a)(6) motion, plaintiff asserted that defendant Nelson's objection on relevance grounds to 79 of his RFAs was improper because all of his RFAs are relevant to his claims and defendant Nelson's defenses. (*Id.* at 15.) In support of this assertion, plaintiff grouped together subsets of his RFAs by topic and summarized his reasons for why each subset of RFAs is relevant. (*Id.* at 16–22.) As to burdensomeness, plaintiff asserted that if defendant Nelson truly believed that plaintiff's RFAs

were unduly burdensome and not proportional to the needs of this case, then he should have followed the appropriate procedure, i.e., move for a protective order under Rule 26(b)(2)(C). (*Id.* at 12.) In addition, plaintiff recognized that 147 is a high number of requests for admission, but he noted that because he is *pro se*, *in forma pauperis*, and incarcerated, he is unable to depose defendant Nelson and must rely on written discovery to a greater degree than litigants in other circumstances. (*Id.* at 13.) Plaintiff also cited several cases from this district in which the court allowed prisoner plaintiffs to propound comparable numbers of requests for admission. (*Id.*)

In opposing plaintiff's Rule 36(a)(6) motion, defendant Nelson explained that "[p]laintiff's very specific requests involved confirmation of entries [in CDCR records] or events on specific days or times" and he "was unable to recall what entries he made and when." (Doc. No. 123 at 3.) Further, defendant Nelson explained that he did not have the CDCR records "'readily available' in order to confirm or deny the question presented"—even though plaintiff had served him with copies of the documents in 2019—because plaintiff did not attach the documents to his RFAs, and "[i]t should not be presumed that simply because [he] is an employee of CDCR that he has unfettered access to those third-party records." (*Id.*) Defendant also argued that because "plaintiff suffered no physical injury in this case but was uncomfortable with his cell-mate for one week, the excessive requests are disproportional to 'the importance of the issues at stake in the action.'" (*Id.*) (quoting Fed. R. Civ. P 26(b)(1)). Defendant did not address the relevancy of plaintiff's RFAs in his opposition to plaintiff's motion at all, whether to counter plaintiff's explanations for why the RFAs are relevant or to provide his own explanation for why he believed the requests were irrelevant. Defendant also did not describe any reasonable inquiry or efforts he had undertaken to enable him to admit or deny plaintiff's RFAs.

## C.    The Magistrate Judge's April 6, 2021 Order Denying Plaintiff's Rule 36 Motion

On April 6, 2021, the magistrate judge issued an order resolving plaintiff's Rule 36(a)(6) motion, concluding that defendant Nelson's responses were sufficient and denying plaintiff's request that defendant Nelson be required to provide further responses to his RFAs. (Doc. No. 124.) In particular, the order noted that plaintiff's RFAs "are very specific—so much so [that] the requests do not comply with [Rule 36]" because they do not "pertain[] to 'facts' within the

purview of Rule 26(b)(1), particularly when keeping in mind the issues in this case against

Nelson." (*Id.* at 5.) Rather than recite all of plaintiff's RFAs, the magistrate judge highlighted

RFA No. 1 and RFA No. 7[2] as examples of the high level of specificity in plaintiff's RFAs:

> RFA No. 1:
> Admit that from January 15, 2014 through June 26, 2014, you
> worked as a floor officer in H.U. #2, during Third watch, on at least
> one hundred-fifteen (115) different occasions.

(*Id.*) Defendant Nelson responded to RFA No. 1 as follows:

> Response to RFA No. 1:
> Defendant objects that the request is unduly burdensome, not
> relevant to any party's claims or defenses, and not proportional to
> the needs of the case. Without waiving the objections, Defendant
> admits that he worked as a floor officer on third watch in Unit 2
> during the time in question. Defendant is unable to admit or deny
> the remainder of the request.

(*Id.* at 5–6.) The magistrate judge concluded that defendant Nelson's response was proper and

that "[t]he number of times defendant Nelson worked on watch for the unit is not likely to narrow

the issues for trial concerning plaintiff's retaliation claim for 're-housing' plaintiff with inmate

Jones." (*Id.* at 6.) In RFA No. 7, plaintiff asked defendant Nelson to: "Admit that from January

15, 2014 to June 28, 2014, Plaintiff was housed in H.U. #2, cell 104." (Doc. No. 119 at 35.)

Defendant Nelson responded to RFA No. 7 as follows: "Defendant admits that Plaintiff was

housed in Unit 2 during the time in question. Defendant has no independent recollection of

whether Plaintiff was housed in cell 104 for the entirety of time from January 15, 2014 to June

28, 2014." (*Id.*) The magistrate judge concluded that this response was proper, particular given

"the degree of specificity of numerous requests or the extended period of time covered by the

request." (Doc. No. 124 at 6.)

The magistrate judge also agreed with defendant Nelson that plaintiff's RFA's were

excessive and unduly burdensome, noting that "[t]he vast majority of the requests do not ask

---

[2]  This RFA is referred to as RFA No. 2 in the April 6, 2021 order. (Doc. No. 124 at 6.)
However, RFA No. 2 was admitted in full by defendant Nelson and is not at issue in plaintiff's
motion. It is clear from the substance of the magistrate judge's analysis, the quoted language, and
the citation to page 35 of plaintiff's motion that the reference to RFA No. 2 was a typographical
error and that RFA No. 7 was the intended reference.

about the important facts but focus on irrelevant minutiae." (*Id.*) With regard to the RFAs that inquired about relevant facts, the magistrate judge concluded that defendant Nelson had provided proper responses. (*Id.* at 6–7.) Finally, the magistrate judge recognized that some of defendant Nelson's responses contained boilerplate objections but determined that he sufficiently responded to the requests that were relevant. (*Id.* at 7.) Ultimately, the magistrate judge concluded that defendant Nelson was not required to provide further responses to any of plaintiff's RFAs.

**D.     Plaintiff's Request for Reconsideration of the April 6, 2021 Order**

Plaintiff requests reconsideration of the magistrate judge's order dated April 6, 2021 on two grounds: (1) the magistrate judge's conclusion that defendant Nelson provided proper responses to plaintiff's RFAs is clearly erroneous and contrary to law; and (2) the magistrate judge's conclusion that plaintiff's RFAs were burdensome and oppressive is clearly erroneous and contrary to law. (Doc. No. 127 at 5.) Plaintiff argues that in resolving his motion, the magistrate judge "ignored clear legal principles governing RFAs and completely failed to consider plaintiff's well-reasoned explanations for why [his] requests were relevant to the claims and defenses in this action." (*Id.*)

Plaintiff emphasizes that the magistrate judge's conclusion that defendant Nelson had provided proper responses to *relevant* RFAs is belied by the fact that defendant Nelson did not object on relevancy grounds to 42 of plaintiff's RFAs—thereby implicitly acknowledging their relevance—and yet he responded only with an improper boilerplate objection as to the undue burden posed by the excessive number of RFAs. (*Id.* at 12.) Plaintiff suggests that in reaching the conclusion that defendant Nelson properly responded to relevant RFAs, the magistrate judge had not fully reviewed defendant's actual responses or considered plaintiff's arguments. (*Id.*) Specifically, in his motion, plaintiff had discussed defendant's responses and argued that defendant acknowledged the relevance of plaintiff's requests for admission but refused to respond beyond the boilerplate objection of undue burden. (*Id.*) In his opposition to plaintiff's pending request for reconsideration, defendant Nelson simply does not respond to plaintiff's argument in this regard.

/////

9

The undersigned has reviewed several of the RFAs to which defendant Nelson responded with only a boilerplate objection that the excessive number of RFAs poses an undue burden. Those requests are clearly relevant to plaintiff's claim, even under defendant Nelson's characterization of plaintiff's claim against him in this action. In this regard, defendant Nelson characterizes the scope of plaintiff's allegations against him as: "Plaintiff's First Amendment retaliation claim alleges that Correctional Officer Nelson re-housed [plaintiff] Villery for several days with a former cellmate 'Jones' after Villery had previously complained about Jones, no physical altercation occurred, and Villery was moved out of the cell with Jones following Villery's request." (Doc. No. 128 at 4.) For example, clearly relevant to plaintiff's assertion that he was previously housed with inmate Jones and experienced problems with him as a cellmate are plaintiff's RFA Nos. 32, 33, and 36, which ask defendant Nelson to admit "that on June 18, 2014, inmate Cedric Jones, CDCR# AK-2526, was moved into cell C2-104 with Plaintiff," "that from June 18, 2014 until June 28, 2014, Plaintiff and Inmate Jones were housed together in cell C2-104," and "that on one or more occasions, from June 18, 2014 through June 26, 2014, Plaintiff informed you that he was experiencing serious conflicts in his cell with Inmate Jones," respectively. (Doc. No. 119 at 42, 43.) Similarly, relevant to plaintiff's assertion that he was re-housed with inmate Jones despite his prior complaints are plaintiff's RFA Nos. 118 and 119, which ask defendant Nelson to admit "that as of July 24, 2014, you were aware that one or more inmates, other than Plaintiff, had previously expressed having problems with Inmate Jones while living with him," and "that your submission of the Bed Request Batch on July 24, 2014, requesting that Inmate Jones be moved from cell C2-217 to cell C2-148, is the act which led to Plaintiff being re-housed with Inmate Jones on July 24, 2014," respectively. (*Id.* at 71, 72.) To the extent the magistrate judge concluded that these RFAs are not relevant, that conclusion is clearly erroneous.

Despite the relevance of these RFAs, defendant Nelson's responses stated only that he "objects that Plaintiff has propounded an excessive number of Requests for Admissions which pose an undue burden on responding party. The burden of the excessive proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii)." (*Id.*) In concluding that these

10

boilerplate objections based solely on the "excessive number" of requests for admissions were sufficient responses, the magistrate judge focused on the level of specificity in plaintiff's RFAs, not the number.[3] (Doc. No. 124 at 6.) The magistrate judge did not provide analysis as to why the number of RFAs is too voluminous or address plaintiff's arguments (e.g., that his *pro se* status and incarceration necessitates greater usage of written discovery) and his citations to decisions in which courts have permitted prisoner plaintiffs to propound comparable numbers of RFAs. For example, in one of the cases plaintiff cited in his motion, the court granted a prisoner plaintiff's motion to compel further responses to discovery, including dozens of the plaintiff's 163 RFAs, because the defendant had responded only that she lacked information to admit or deny and failed to also "state that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny," as required by Rule 36(a). *See Zavala v. Rios*, No. 1:09-cv-00679-MJS, 2015 WL 1236172, at *20 (E.D. Cal. Mar. 17, 2015) (internal quotations omitted). Moreover, some of those requests at issue in *Zavala* were also quite specific and called for information about events from many years prior, such as asking the defendant in 2015 to admit that "[o]n October 10, 2007, at approximately 11:30 am, Ms. Fuentes was standing within a few feet from you during mainline hours at the United States Penitentiary Atwater prison inmate food service area." (*Id.* at 14.) Similarly, in *Arroyo v. Adams*, No. 1:11-cv-01186-AWI-DLB, 2014 WL 1338900, at *18 (E.D. Cal. Apr. 2, 2014), the court granted a prisoner plaintiff's motion to compel further discovery and required the defendants to respond

/////

---

[3] The undersigned pauses to note that plaintiff's RFAs are quite specific. However, it is also worth noting that defendant Nelson nevertheless managed to admit or deny in full some of those RFAs despite the high degree of specificity in those requests. For example, defendant Nelson admitted in full, without objection, in response to plaintiff's RFA Nos. 2 and 4, which requested admission "that from January 15, 2014 through January 22, 2014, you worked as a floor officer in H.U. #2, during Third watch, on at least six different occasions," and "that from June 8, 2014 through June 17, 2014, you worked shifts as a floor officer in H.U. #2, during third watch, on at least eight different days," respectively. (Doc. No. 119 at 33–34.) Similarly, defendant Nelson denied in full, without objection, plaintiff's RFA Nos. 3 and 23, which requested admission "that from May 4, 2014 through June 5, 2014, you worked shifts as a floor officer in H.U. #2, during third watch, on at least twenty-four (24) different days," and "that on one or more occasions, between January 22, 2014 and May 2, 2014, Plaintiff asked you to separate him from living with inmate Walkins," respectively. (*Id.* at 34, 39.)

further to several of plaintiff's RFAs, even though plaintiff had propounded between 120 and 135 RFAs on each of the five defendants.

As for the two cases regarding voluminous and burdensome requests cited in the legal standard section of the magistrate judge's April 6, 2021 order, one case is from the U.S. District Court for the District of Kansas and did not involve a prisoner plaintiff, and in the other case, the court granted the defendant's motion for a protective order because many of the 100 RFAs propounded by the plaintiff in that case were relevant only to claims that had been dismissed from that action. (Doc. No. 124 at 4) (citing *Mitchell v. Yeutter*, No. 89-cv-1465-FGT, 1993 WL 139218, at *1 (D. Kan. Jan. 12, 1993) and *Knapp v. Cate*, No. 1:08-cv-01779-AWI-DLB, 2012 WL 2912254, at *2–3 (E.D. Cal. July 16, 2012)). Notably, the court in *Mitchell* limited the non-prisoner plaintiff to 40 requests for admission in part because many of the plaintiff's 90 requests were focused on obtaining small factual details and background "[t]hat should have been done by informal and formal discovery mechanisms, such as interrogatories and depositions." 1993 WL 139218, at *1. Of course, here, plaintiff in contrast specifically addressed his need to propound many RFAs on defendant Nelson because he is unable to depose him. (Doc. No. 119 at 12–13.) Unlike in *Knapp*, where the court analyzed the prisoner plaintiff's requests in the context of defendant's motion for a protective order and concluded that many of those requests were relevant only to certain of plaintiff's claims that had already been dismissed with prejudice, here defendant Nelson did not move for a protective order and did not similarly demonstrate the lack of relevance of plaintiff's RFAs. As noted above, defendant Nelson objected on relevance grounds to just 42 of plaintiff's 147 RFAs, implicitly agreeing that over 100 of the RFAs are relevant.

Accordingly, to the extent the magistrate judge concluded that defendant Nelson sufficiently responded with boilerplate objections based on the burden posed solely by the amount of plaintiff's RFAs, that conclusion is contrary to law. *See Thompson*, 2011 WL 5975469, at *3 ("declin[ing] to consider objections raised in boilerplate language"); *AECOM Energy & Constr.*, 2018 WL 6266462, at *6 ("Boilerplate objections of any type are improper in federal court."); *A. Farber & Partners*, 234 F.R.D. at 188 (noting that "[G]eneral or boilerplate objections such as

12

'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections"); *Miller v. White*, No. 14-cv-7543-GW-KK, 2019 WL 8683325, at *4–5 (C.D. Cal. Nov. 8, 2019) (denying defendant's motion for a protective order due to the overly burdensome and harassing number of requests and concluding that "[a]lthough the Court notes the large number of Requests for Admission, this fact alone is not dispositive") (citing *Lauter v. Rosenblatt*, No. 2:15-cv-08481-DDP-KSx, 2019 WL 4138020, at *19 (C.D. Cal. July 1, 2019) ("Although the number of RFAs Plaintiff has served gives the Court cause for concern, the number of RFAs alone is not dispositive.")).

In addition, though defendant Nelson also objected on relevance grounds to some of plaintiff's RFAs, those objections were likewise boilerplate and lacked any explanation for why defendant believed those RFAs are not relevant. Thus, those boilerplate objections on relevance grounds are also insufficient responses, and to the extent the magistrate judge concluded otherwise, that conclusion is contrary to law. *See A. Farber & Partners*, 234 F.R.D. at 188 (noting that "boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper").

Although the undersigned has not reviewed defendant's responses to plaintiff's RFAs with a fine-toothed comb, it appears that defendant Nelson essentially stopped responding in substance to plaintiff's RFAs once he reached the 28th request—that is, he did not admit or deny or state that he was unable to admit or deny, in full or in part, any of plaintiff's RFA Nos. 28–147—he stated only boilerplate objections in response to those RFAs. By concluding that these boilerplate objections were proper responses, the magistrate judge effectively limited plaintiff to 27 RFAs; a limitation that is not supported by the rules governing discovery or otherwise shown to be appropriate in the circumstances of this case.

Even with respect to plaintiff's RFA Nos. 2–27, which defendant Nelson responded to without objection, some of those responses are nonetheless also insufficient. In particular, where defendant responded that he "has no independent recollection" and is "unable to admit or deny" the request, those responses are insufficient because they fail to comply with Rule 36(a)'s requirement that the responding party "state[] that it has made reasonable inquiry and that the

13

information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a). Not only did defendant Nelson fail to state that he made a reasonable inquiry, he further failed to state his efforts in that regard. Instead, in his preface to his responses, defendant Nelson stated in conclusory fashion without any description or details that "[i]n response to Plaintiff's detailed and specific requests, where Defendant cannot recall facts from 2014, he has made a good faith effort to respond using documents readily obtainable and/or produced in discovery." (Doc. No. 119 at 33.) But plaintiff argued in his Rule 36(a) motion that defendant Nelson's stated efforts are disingenuous because a review of the CDCR records that plaintiff produced in discovery to defendant Nelson, including logbook entries purportedly entered by defendant Nelson, would have enabled defendant Nelson to admit or deny plaintiff's RFAs. (*Id.* at 14–15.) Defendant Nelson did not mention these CDCR records at all in responding to plaintiff's RFAs. Indeed, in opposing plaintiff's Rule 36(a) motion, defendant Nelson did not describe any reasonable inquiry he had undertaken; he merely asserted for the first time that he did not have the documents "readily available" because plaintiff did not attach copies of the documents to his RFAs. (Doc. No. 123 at 3.) It is notable though that defendant Nelson did not raise this assertion at all in his responses to plaintiff's RFAs, let alone rely on this assertion to explain his inability to admit or deny the requests. With regard to defendant Nelson's generic statement in his opposition to plaintiff's Rule 36(a) motion that he cannot be presumed to have unfettered access to CDCR records just because he is an employee of CDCR (Doc. No. 123 at 3), the court notes that it granted plaintiff's motion to compel production of CDCR records by two other defendants in this case, because they had constructive possession over the records by virtue of their employment with CDCR, and they had "not argued that they do not have ready access to the requested documents or that they cannot request them from CDCR." (Doc. No. 105 at 5.) Similarly here, defendant Nelson does not assert that he cannot request access to CDCR records that would enable him to admit or deny plaintiff's RFAs.

Thus, to the extent the magistrate judge concluded that defendant Nelson's responses that he "has no independent recollection" and "is unable to admit or deny the request" were sufficient and proper responses, that conclusion is contrary to law. *See* Fed. R. Civ. P. 36(a)(4); *see also*

*Asea Inc.*, 669 F.2d at 1247; *Thompson*, 2011 WL 5975469, at *3 (finding "[a]s to those matters neither admitted nor denied because Defendants claim to have insufficient knowledge," that their "answers are insufficient because Defendants did not state that they had undertaken a reasonable inquiry into each matter in their response"); *A. Farber & Partners*, 237 F.R.D. at 254 (noting that the responding party must "make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts") (internal quotations omitted).

Accordingly, the court will grant plaintiff's request for reconsideration of the magistrate judge's April 6, 2021 order and will order defendant Nelson to provide further responses, in compliance with Rule 36(a)(4), to those RFAs that he objected to and to those RFAs that he stated he was unable to admit or deny. Defendant Nelson is reminded that he must conduct a reasonable inquiry to enable him to admit or deny plaintiff's RFAs, and that "an evasive denial, one that does not specifically deny the matter, or a response that does not set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission." *Asea, Inc.*, 669 F.2d at 1245.

## CONCLUSION

For the reasons set forth above,

1. Plaintiff's request for reconsideration (Doc. No. 127) of the magistrate judge's April 6, 2021 order is granted; and

2. Within thirty (30) days of the date of issuance of this order:

    a. Defendant Nelson shall provide further responses to plaintiff's RFA Nos. 1, 7–18, 22, 24–25, and 28–147.

IT IS SO ORDERED.

Dated: __**June 2, 2021**__         _Dale A. Drozd_

                                                 UNITED STATES DISTRICT JUDGE