| | |
|---|---|
| JARED VILLERY, | Case No. 1:15-cv-01360-DAD-HBK |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE OVERDUE MOTION TO COMPEL |
| v. | |
| JAY JONES, RICHARD SCHMIDT; CHRISTOPHER YERTON; RAFAEL ESCARCEGA; DAVID NELSON, | (Doc. No. 121) |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Pending before the court are Plaintiff's motion for leave to file an overdue motion to compel accompanying Plaintiff's belated motion to compel directed at Defendant Nelson. (Doc. Nos. 121, 120, respectively). Defendant Nelson timely filed an opposition to Plaintiff's motion to compel incorporating therein objections to timeliness. (Doc. No. 122). The Court will address only the timeliness issue in this Order.

**I. Background and Plaintiff's Claims**

Plaintiff is proceeding *pro se* on his First Amended Complaint ("FAC") as screened. (Doc. Nos. 16, 19, 23). As to Defendant Nelson, the FAC alleges a First Amendment retaliation claim for damages stemming from Defendant Nelson, and other defendants, re-housing Plaintiff with inmate Jones. (Doc. No. 19 at 17-18).

On January 20, 2021, the court held a status conference to address Plaintiff's motion to modify the previously extended discovery and scheduling order. (Doc. No. 116). During the hearing, the court noted that the former magistrate judge previously had extended the deadlines in the scheduling order on multiple occasions, and, after holding a hearing, re-opened discovery for 90 days and extended the dispositive deadline for 150 days. (*See* Doc. No. 98). The court further expressed concerns about the age of the case, and the fact that defendant Nelson had a motion for summary judgment pending since June 22, 2020 to which Plaintiff had not yet responded. Plaintiff represented that he did not need to propound further discovery on Defendant Nelson but required the opportunity to file a motion to compel against Defendant Nelson concerning discovery responses that Plaintiff deemed objectionable. During the hearing, the court pointed out that Plaintiff opted to file a 48 type-written page reply to Defendant Nelson's opposition to Plaintiff's request to again extend the scheduling order instead of filing a timely motion to compel. Plaintiff assured the court that he was prepared to move against Defendant Nelson's alleged insufficient responses to his previously propounded discovery. The court did not issue its written order for two weeks, and when it did, the court still afforded Plaintiff fourteen days to deliver his motion to compel to correctional officials for mailing. (Doc. No. 118). Regarding the other defendants unopposed to modifying the scheduling order, Plaintiff's motion was granted, setting new discovery deadlines as March 22, 2021 and dispositive motions deadlines as May 26, 2021. (*Id.*). Plaintiff failed to tile a timely motion to compel and instead files a motion for leave to accept his untimely motion to compel and his motion to compel the same day. (Doc. Nos. 121, 120). The motion to compel is directed at both Requests for Production ("RFP") and Interrogatories Plaintiff propounded on defendant Nelson. Defendant Nelson maintains that the motion to compel is untimely. (Doc. No. 122).

## II. Analysis

Timeliness and Excusable Neglect

Plaintiff acknowledges his motion to compel is untimely. (Doc. No. 121). To overcome the belated filing, Plaintiff argues he had limited time to file the instant motion to compel because he did not receive the February 4, 2021 Order until February 10, 2021. (*Id.* at 2-3). In response

to Plaintiff's motion, Defendant Nelson maintains his objection to timeliness and points out that discovery was supposed to end two years ago in this case and Plaintiff's inability to comply with the court's deadline should result in the denial of his motion. (Doc. No. 122 at 2). Defendant Nelson, however, addresses the merits of the motion in lieu of addressing any of the factors to consider whether Plaintiff has established excusable neglect for the untimely filing. (*See* Doc. No. 122). In reply, Plaintiff asserts he filed his motion to compel within fourteen days of *receiving* the order, not from the date of the order. He maintains he deserves a "pass" because he is proceeding *pro se* and is incarcerated. (Doc. No. 125 at 3).

The Court confirms, as Plaintiff acknowledges, Plaintiff submitted the motion to compel *after* the court-ordered deadline. Here, applying Fed. R. Civ. P. 6, fourteen days from the date of the order made Friday, February 18, 2021 the operative deadline. *Houston v. Lack*, 487 U.S. 266 (1988). Plaintiff signed the motion on February 22, 2021, *see* Doc. No. 119 at 19, and the Clerk filed the pleading on February 25, 2021. *Roberts v. Marshall*, 627 F.3d 768, 769 fn. 1 (9th Cir. 2010), *see also Wolff v. California*, 236 F. Supp.3d 1154, 1159 (E.D. Ca. Feb. 22, 2017) (noting courts deem the *pro se* prisoner's date of signature on the pleading the date of filing, absent evidence to the contrary, but court need not treat a document as filed on the date it was purportedly submitted to prison staff for mailing when the gap between the date and the postmark date is so long that the claimed submission date appears implausible).

Courts frequently deny motions to compel filed after the close of discovery. *Green Aire for Air conditioning W.L.L. v. Salem*, 2020 WL 58279 *2 (E.D. Ca. Jan. 6, 2020) (noting "the untimeliness of a motion to compel 'is sufficient ground, standing alone, to deny a discovery motion.'") (citation omitted) (citing *Vanderbusch v. Chokatos*, No. 1:13-cv-1422-LJO-EPG (PC), 2018 WL 20201488 at *4 (E.D. Ca. June 15, 2018), *Pacific Marine Center Inc. v. Philadelphia Indemnity Insurance Co.*, No. 1:13-cv-00992-DAD-SKO, 2016 WL 110291 at *4 (E.D. Ca. Jan. 11, 2016); *Watts v. Allstate Indem. Co.*, No. 2:08-cv-1877 LKK-KJN, 2012 WL 5289314 (E.D. Ca. Oct. 23, 2012)). However, Fed. R. Civ. 6 permits untimely filing if the moving party shows excusable neglect. Excusable neglect rests on relevant circumstances surrounding the party's failure to meet the deadline. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380,

395 (1993); *see also W.L.L*, 2020 WL 58279 (citing *Victory v. Barber*, No. 1:05-cv-01578-LJO-DLB- PC, 2010 WL 4362813 (E.D. Ca. Oct. 28, 2010)). Factors to consider in determining excusable neglect include: (1) danger of prejudice to opposing party; (2) length of delay and impact on the proceedings; (3) the degree of control the moving party had over the delay, and (4) whether the moving party acted in good faith. *Victory*, 2010 WL 4362813 *2.

As previously noted, Defendants do not address the above factors in their Opposition. The Court will therefore turn to address each of the factors to determine whether Plaintiff has demonstrated excusable neglect. Accepting as true Plaintiff's statement that he did not receive the written order of the court dated February 4, 2021 for 6 days, Plaintiff asserts he was precluded from timely filing the motion based on the short deadline imposed. Further, as set forth above, using the date Plaintiff signed the motion as the operative filing date since a prison-date stamp is not available, nor did the Court have a prison mail log to consider, Plaintiff's motion was untimely by four days.

The danger of prejudice to Nelson caused by the four-day delay is minimal at best. Similarly, the impact on the proceedings caused by this motion is minimal, particularly when compared to a review of the docket, the length of time Defendant Nelson's motion for summary judgment has been pending (since June of 2020), and the repeated obstacles presented with discovery in this case. Indeed, Plaintiff had a choice in which motions to file and opted to file a timely motion to determine the sufficiency of Defendant Nelson's Answers and Objections to his Request for Admissions, so that regard, he exercised control. But, taking Plaintiff's allegations as true, the delay was in part attributable to mail delays and the Covid-19 pandemic, where he had little to no control.

Finally, turning to the good faith element, both during the case management hearing and as memorialized in the court's written order, the court expressed concern regarding Plaintiff's diligence, or lack thereof in this case and repeated motions to extend the case management deadlines. Specifically, the court noted it:

> does *not* find Plaintiff has exercised diligence in extending the case management deadlines for a fifth time against Nelson, over Nelson's objection. The Court is persuaded by defense counsel's arguments,

4

especially the fact that Plaintiff is able to file the instant motion and a forty-page reply to Nelson's response in opposition, but was unable to pursue other discovery, or move to compel, as to Nelson.

*See* Doc. No. 118 at 5 (emphasis added). Nonetheless, the docket is undeniable that discovery has not proceeded in accordance with the spirit and intent of the discovery rules in the Fed. R. Civ. P. (*See* Doc. No. 81, order granting in part and denying in part Plaintiff's motion to compel, Doc. No. 98, order reopening discovery, Doc. No. 105, order granting Plaintiff's reconsideration of Plaintiff's motion to compel, Doc. No. 135, order granting Plaintiff's reconsideration of Plaintiff's motion).

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for leave to file an overdue motion to compel (Doc. No. 121) is GRANTED.

2. The Court by separate Order will address the belated Motion to Compel (Doc. No. 120).

IT IS SO ORDERED.

Dated: June 24, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE