UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>    Plaintiff,<br><br>    v.<br><br>JAY JONES, ET. AL.,<br><br>    Defendants. | Case No.  1:15-cv-01360-DAD-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER TO EXTEND THE DISPOSITIVE MOTION DEADLINE<br><br>(Doc. No.  132) |

Pending before the Court is Plaintiff's motion to modify the discovery and scheduling order, attaching his own declaration, filed May 27, 2021. (Doc. No. 132, "Motion"; Doc. No. 132 at 9-12, "Pl. declaration"). Defendants Escarcega, Jones, Schmidt, and Yerton filed a response opposing the Motion on June 17, 2021, including declaration of attorney Arthur B. Mark. (Doc. No. 135, "Response"; Doc. No. 135-1. "Def. declaration"). Plaintiff filed a reply, including exhibits, totaling 36 pages. (Doc. No. 139, "Reply").  This matter is ripe for review.

## I.    SUMMARY

Plaintiff seeks to enlarge the dispositive motion deadline. (Doc. No. 132 at 1). Specifically, Plaintiff requests the dispositive deadline be extended for sixty days from the later of: (1) the court's resolution of Plaintiff's pending discovery motions; or (2) after Defendants Jones and Escarcega

comply with the Court's October 28, 2020 Order.[1] (Doc. No. 132 at 7). Plaintiff states he requires an extension to the dispositive deadline so he may "seek summary judgment against Defendant Schmidt" and "defend against any dispositive motions that the Defendants may file." (*Id*. at 4). Plaintiff argues that two "ongoing discovery disputes" support his need for more time: (1) "additional discovery from Nelson" and (2) "to obtain the Office of Internal Affairs recordings-subject of the October 28, 2020 order." (*Id.* at 4). Noting that the current dispositive motion deadline expired on May 26, 2021, Plaintiff submits that he cannot move for summary judgment or oppose Defendants' pending motions for summary judgment with the above-referenced discovery disputes. (*Id.* at 6).

Defendants Yerton, Schmidt, Escarcega and Jones oppose Plaintiff's Motion, providing a thorough overview of the case history. (*See* Doc. No. 135). Significantly, Defendants point out that the May 26, 2021 dispositive deadline applied *only* to Defendants Yerton, Schmidt, Escarcega, and Jones, not to Nelson. (*Id.* at 2) (emphasis added) (citing Doc. No. 118). Defendants argue that Plaintiff has failed to establish good cause and diligence to justify enlarging the dispositive motion deadline based on his claims that he needs to create handwritten transcripts of the audio recordings from the Office of Internal Affairs' (hereinafter "OIA") investigation, or the need to receive Defendant Nelson's responses to his request for admission. (*Id.* at 1-2).

Regarding Plaintiff's need to create handwritten transcripts, Defendants submit that only Nelson and Jones were interviewed for the OIA Investigation. (*Id.*). Escarcega, Yerton, and Schmidt were not interviewed. (*Id.*) So, to the extent Plaintiff claims he was unable to file a motion for summary judgment because he needs to create handwritten transcripts, Defendants argue that the acknowledged delay in receiving audible recordings of Nelson's and Jones's interviews does

---

[1] The Court's October 28, 2020 Order granted Plaintiff's motion for reconsideration of the former magistrate judge's order on Plaintiff's motion to compel, directing Defendants to produce CDCR Internal Affairs documents set forth in Plaintiff's RFP No. 18 and 24 and inmate complaints against staff in RFP No. 6. (*See* Doc. No. 105). In summary, RFPs 18 and 24 were identical, but merely directed at Defendant Jones and Escarcega, respectively, and generally stated: Please identify and produce any and all witness statements, statements from plaintiff, evidence gathered, investigation reports, and/or any other documents or recordings created in connection with the investigation conducted by CDCR Internal Affairs Investigator Magallan, into plaintiff's allegation that he was moved into the cell with inmate Cedric Jones on July 24, 2014 in retaliation by CCI staff.  Doc. No. 57 at 30.

not support why Plaintiff could not have filed a dispositive motion as to these other Defendants by the current deadline. (*Id.* at 2). Defendants further point out that since February 13, 2020, Plaintiff has had in his possession the OIA report containing detailed summaries of the recorded interviews from Jones and Nelson, which Plaintiff could use to oppose any summary judgment motions. (*Id.* at 3, 5-6).

Turning to address Plaintiff's claim that he needs Defendant Nelson's responses to Plaintiff's request for admissions, Defendants assert that Nelson's admissions are binding on Nelson only, not on the other defendants. (*Id.* at 4-5). In Reply, Plaintiff asserts that his request for production addressed in the Court's October 28, 2020 order was not only directed at Nelson's admissions, but also on a request for production of documents directed at Nelson.[2] (Doc. No. 139 at 2).

## II.   APPLICABLE LAW

Federal Rule of Civil Procedure 1 requires that the Court the parties secure "the just, speedy, and inexpensive determination of every action." *Id.* Fed. R. Civ. P. 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the original time, or its extension expires; or, on a motion made after the time has expired, if the party failed to act because of excusable neglect. Additionally, Fed. R. Civ. P. 16(b)(4) permits a court to modify a scheduling order for good cause shown and with the judge's consent.

Good cause requires less than manifest injustice but a focus on the diligence of the moving party and that party's reasons for seeking modification are the court's focus in determining whether to permit an enlargement of time. *Stoddart v. Express Services*, 2017 WL 3333994 *1-*2 (E.D. Ca. August 4, 2017) (other citations omitted). "A scheduling order is not 'a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* at 1 (other citations omitted). If the moving party fails to show diligence, the inquiry should end. *United*

---

[2] In his Motion, Plaintiff notes needing more time because he did not have the Nelson and Jones recordings from the OIA interviews. (Doc. No. 132 at 4). After filing the Motion, Plaintiff received another copy of the recordings, which appears to be audible. (Doc. No. 135-1 at 4). In his Reply, Plaintiff modifies his argument to also include his former request for production of documents directed at Nelson. (Doc. No. 139 at 2). Plaintiff's argument raised for the first time in a reply brief, not raised in the initial Motion, are waived. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

*States for use and benefit of Chen v. K.O.O. Construction, Inc.*, 445 F. Supp.3d 1055, 1056 (S.D. Ca. May 8, 2020) (citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)).

### III.    DISCUSSION

At the outset, Defendant Nelson did not respond the instant Motion and the Court does not construe the Motion as seeking an extension of the dispositive motion deadline as to Defendant Nelson.  The deadline for dispositive motions directed at Defendant Nelson has long expired. (*See* Doc. No. 118).  More than a year ago, Defendant Nelson filed a motion for summary judgment on June 22, 2020.  (Doc. No. 85).  The Court's February 4, 2021 denied Plaintiff's prior motion to extend the case management deadlines <u>as</u> to <u>Nelson</u> but permitted a 14-day enlargement of time to file any motions to compel directed at Nelson.  (Doc No. 118 at 5-6). Specifically, the February 4 Order determined as to Nelson that "Plaintiff has [not] exercised diligence to justify extending the case management deadlines for a fifth time against Nelson, over Nelson's objection." (*Id.* at 5).  The Court further noted that absent Plaintiff filing a motion to compel, any opposition to Nelson's motion for summary judgment was due within thirty days.[3] (*Id.* at 6).  Thus, the Court does not construe the instant motion as seeking an extension of the dispositive deadline as to Defendant Nelson as the Court already denied Plaintiff that relief in its February 24, 2021 Order.

The Court's February 4 Order, however, did grant Plaintiff's unopposed motion extending both the discovery deadlines and the dispositive deadline as to Defendants Escarcega, Jones, Schmidt and Yerton—setting May 26, 2021 as the dispositive deadline for these Defendants.  (*Id.* at 7).  Plaintiff now again moves to extend the dispositive deadline as to Defendants Escarcega, Jones, Schmidt, and Yerton (hereinafter "these Defendants").  The Court finds Plaintiff has not established either due diligence or good cause to extend the dispositive motions deadline as to these Defendants.

Scheduling orders are at the heart of case management and intended to alleviate case

---

[3] Because Plaintiff's motion to compel remains pending, Plaintiff's response to Nelson's motion for summary judgment is not yet due.

4

management problems.  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Ca. 1999) (citations omitted).  Good faith compliance with Federal Rule of Civil Procedure 16 "plays an important role in this process."  *Id.* (citations omitted).  To demonstrate diligence under Rule 16's "good cause" standard a movant may be required to show the following: (1) that he or she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that non-compliance with a Rule 16 deadline occurred or will occur, notwithstanding diligent efforts to comply, because of the development of matters which could not have been reasonable foreseen or anticipated at the time; and (3) that he or she was diligent in seeking amendment to the Rule 16 order, once it became apparent that he could not comply with the order.  *Id.* at 607-608 (citations omitted).

Here, the case has been pending since 2015.  As noted in the February 4 Order, discovery was supposed to end nearly two years ago—well before the current COVID-19 crisis.  (Doc. No. 118 at 3).  Notably, Plaintiff filed the instant Motion on the eve of the deadline, which had already been extended.  (*See* docket).  Thus, Plaintiff waited until the last minute and has not shown diligence in seeking amendment to the case management and scheduling order deadline earlier.

Nor has Plaintiff shown that he assisted in creating a workable, modified Rule 16 order.  Prior to the Court's issuance of its February 4 Order extending the dispositive motions deadline as to these Defendants, the undersigned held a teleconference hearing on January 20, 2021.  (*See* docket).  Plaintiff represented during that January 20, 2021 hearing that he would *not* be filing any dispositive motions.  Thus, merely six months ago, when Plaintiff had the opportunity to discuss the issues surrounding Plaintiff's prior motion to modify the case management and scheduling order and discovery, Plaintiff did not alert the Court that he anticipated filing *any* dispositive motions.  Plaintiff's concern at that time was the outstanding discovery and responding to Defendant Nelson's pending motion for summary judgment.  Consequently, Plaintiff has not shown that he assisted in creating a workable, modified Rule 16 order.

Putting aside Plaintiff's representation to the undersigned at the January 2021 status conference that he did not intend to file any dispositive motions, the two reasons Plaintiff relies on for now needing more time do not justify another extension of time in this case.  Regarding

5

Nelson's responses to his requests for admission, Plaintiff makes no logical showing as to how Nelson's responses to admissions are necessary for him to file a dispositive motion directed at the Escarcega, Jones, Schmidt, and Yerton.  Regarding the OIA recorded interviews of Jones and Nelson, Defendants acknowledge that the audio recordings previously provided to Plaintiff appear to have not worked.  (Doc. No. 135-1 at 3-4).  Significant, however, is the fact that Plaintiff has had summaries of these interviews available to him and has not shown how his transcribed version of these interviews are necessary to support his motion for summary judgment.

Further, as represented by the case history and the Defendants' declaration, Plaintiff has received responses and supplemental responses to his request for production addressed in the Court's October 28, 2020 order.  Plaintiff was served 355 pages of documents including the OIA investigation report on February 13, 2020; a supplemental response containing emails on April 8, 2020; and a supplemental response containing an unredacted OIA report.  (Doc. No. 135-1, 1-2).

Turning to Plaintiff's deadlines *to respond* to the Defendants' respective dispositive motions, Plaintiff's deadline to respond to Nelson's summary judgment remains governed by the Court's February 4 Order providing him thirty days to respond after the Court rules on his motion to compel directed at Nelson. (Doc. No. 118 at 6) (permitting 30 days from date of ruling on motion to compel to file response to Nelson's summary judgment motion).  Additionally, regarding the motion for summary judgment filed on behalf of Defendants Escarcega, Jones, Schmidt, and Yerton, the Court recently granted Plaintiff's motion to extend the time to file an opposition—setting the deadline as August 31, 2021.  (Doc. No. 141).

Accordingly, it is **ORDERED**:

Plaintiff's motion to modify the scheduling order (Doc. No. 132) to extend the time to file dispositive motions against Defendants Escarcega, Jones, Schmidt, and Yerton is DENIED.

Dated: \_\_July 26, 2021\_\_

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE