UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>    Plaintiff,<br><br>    v.<br><br>JAY JONES, ET. AL.,<br><br>    Defendants. | Case No. 1:15-cv-01360-DAD-HBK<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. No. 120) |

Pending before the Court is Plaintiff's motion to compel directed at Defendant Nelson. (Doc. No. 120, "Motion"). Defendant Nelson filed an opposition to the Motion. (Doc. No. 122, "Response"). Plaintiff filed a reply. (Doc. No. 125, "Reply"). On June 25, 2021, the Court ordered Plaintiff and Defendant Nelson to confer regarding the discovery at issue in Plaintiff's Motion and file a Joint Statement no later than July 23, 2021. (Doc. No. 138). On July 21, 2021, Defendant Nelson filed his Statement, seemingly resolving many of the disputed requests in Plaintiff's Motion.[1] (*See* Doc. No. 142, "Nelson's Statement"). On July 28, 2021, Plaintiff filed his Statement, agreeing in large part with Nelson's Statement. (*See* Doc. No. 144 "Plaintiff's Statement"). The Court now addresses those items the parties list as "unresolved" in their respective statements as set forth in more detail below.

---

[1] The Court ordered the parties to submit a "joint statement" regarding the outstanding discovery. (Doc. No. 138). Plaintiff explains the parties agreed to file separate statements due to "logistical issues" with his incarceration. (Doc. No. 144 at 1). The Court reviews both parties' statements.

**I. Background and Plaintiff's claims**

Plaintiff is proceeding *pro se* on his First Amended Complaint. (Doc. No. 16). The court's § 1915A screening findings and recommendation order, adopted by the District Court (Doc. No. 23), found in pertinent part that Plaintiff stated a First Amendment retaliation claim for damages against Defendant Nelson for re-housing Plaintiff with inmate Jones. (Doc. No. 19 at 17-18).

On June 25, 2021, the Court granted Plaintiff's motion to file a belated motion to compel. (Doc. No. 137). Plaintiff's Motion was initially directed at Defendant Nelson, compelling more information as to RFP Nos. 1 through 5; and Interrogatories 5, 9, and 11 through 14. In Response, Defendant Nelson addressed each of Plaintiff's RFP's and interrogatories in turn, setting forth Nelson's objections and, when appropriate, Nelson's responses thereto. (Doc. No. 125).

Following the Court's June 25 Order, Nelson and Plaintiff concede the parties have mostly resolved Plaintiff's Motion directed at Interrogatories 5, 9, and 11 through 14. (*See* Doc. No. 142 at 1-2; Doc. No. 144 at 2). Defendant states he is providing supplemental responses to Plaintiff addressing all interrogatories at issue in the Motion by August 6, 2021. (Doc. No. 142 at 2). Plaintiff confirms Nelson will provide him with supplemental responses to the foregoing Interrogatories no later than August 6, 2021 and acknowledge if the responses "prove adequate, this dispute will be resolved." (Doc. No. 144 at 2).

Regarding Plaintiff RFPs, Nelson identifies RFP No. 1, Nelson's work attendance records, as unresolved. (Doc. No. 142 at 2). In addition to his stated objections, Nelson explains that CDCR only has attendance that date back five years, no further. (*Id*.). Nelson states he is attempting to obtain his CDCR 998-A and will make a "third attempt" to obtain the records from CDCR and provide them to Plaintiff no later than August 6, 2021. (*Id*). Similarly, Plaintiff's Statement states that the only issue remaining concerning Nelson's work attendance records is whether Nelson can obtain records that are dating back 5 years, or whether Nelson can obtain records from 6 years ago. (Doc. No. 144 at 2) (stating "Nelson has agreed to look for such records and, will update Plaintiff no later than August 6, 2021. Should the records be produced, the issue will be resolved.").

2

1   The parties identify RFP Nos. 2 and 3 as mostly resolved. (Doc. No. 142 at 2; Doc. No. 144 at 2). Defendant submits that he served Plaintiff with supplemental responses on July 12, 2021. (Doc. No. 142 at 2). Plaintiff, however, contests the redactions of the inmates' names on RFP Nos. 2 and 3. (Doc. No. 144 at 2-3) (Plaintiff acknowledging "Nelson provided [him] with supplemental response to these requests, along with redacted copies of the documents requested. However, by improperly redacting the names of inmates, whose housing was changed as recorded in these records, the documents are now worthless for trial.").

The parties agree that RFP Nos. 4 and 5 remain entirely unresolved. (Doc. No. 142 at 2-3; Doc. No. 144 at 2). The Court will address the unresolved discovery: RFP Nos. 1, 4, and 5, and the issue of the redactions of all inmates' names on RFP Nos. 2 and 3.

## II. Legal Standards of Review

### A. Rule 26- Scope of Discovery Generally

> "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount of controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs the benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable."

Fed. R. Civ. P. 26(b)(1) (emphasis added). District courts have "broad discretion to manage discovery." *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011).

### B. Rule 26(b)(2)- Limitations on Frequency and Extent

> Rule 26(b)(2) permits sets limits on the frequency and extent of discovery as follows:
>
> *When Permitted*. By order the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

Fed. R. Civ. P. 26(b)(2)(A) (emphasis in original).

> *When Required*. On motion or on its own, the court must limit frequency or extent of discovery otherwise allowed by these rules

3

>or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (ii) that the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

### C. Fed. R. Civ. P. 34- Production of Documents

"A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party . . . to inspect [and] copy . . . any designated documents . . . in the responding party's possession, custody or control." Fed. R. Civ. P. 34(a)(1). "The request must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The party to whom the request is directed must respond in writing within 30 days of being served that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ P. 34(b)(2).

### D. Fed. R. Civ. P. 37, Local Rule 251 - Motions to Compel

A party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time period constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 949 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice from the denial of discovery." See *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

Local Rule 251 requires that parties confer after filing a motion to compel. L.R. 251(b). The rule requires that "parties set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement." Id. at (b)-(c).

///

4

## III. Analysis

Upon review, the Court grants in part and denies in part Plaintiff's Motion. As set forth in more detail below, the Court grants Plaintiff's Motion as to RFP Nos. 2 and 3, as modified, and RFP No. 4. The Court denies Plaintiffs Motion as to RFP Nos. 1 and 5. Plaintiff's Motion pertaining to Interrogatory Nos. 1, 5, 11, 12, and 13-15 is denied as moot, without prejudice, considering Nelson is providing supplemental responses to Plaintiff by August 6, 2021.

**A. Unresolved Requests for Production Nos. 1, 4, and 5**

REQUEST FOR PRODUCTION NO. 1:

Please identify and produce at least one set of records, including, but not limited to, your CDCR 998-A Employee's Attendance Records, which identify the position numbers of where you were working at CCI from January 15, 2014 through July 30, 2014.

NELSON'S RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Responding party objects that the request for seven months of Defendant's CDCR employee attendance records from 2014 is overly broad and unduly burdensome. Responding party further objects that the request seeks documents that are irrelevant to any claim or defense in this action. There are no claims involving Defendant's attendance record at CCI.

Plaintiff argues given the specificity of RFP No. 1, it cannot be deemed overbroad, nor can it be deemed unduly burdensome because the CDCR998-A form is likely no more than seven pages long. (Doc. No. 120 at 11). In opposition, Nelson states written discovery responses to date have already sufficiently addressed that Nelson worked during the period in question and in close proximity to correctional officer Schmidt. (Doc. No. 122 at 3). Nelson also explains that CDCR does not keep records in excess of five years. (Doc. No. 142 at 2). Thus, he does not have attendance records from 2014. Nelson nonetheless agreed to ask CDCR for a third time to try to locate these records. (*Id*.). In reply, Plaintiff states Nelson's work attendance records are necessary to prove Nelson was working in Plaintiff's housing unit on particular dates to show he worked with Schmidt and also had knowledge that Plaintiff was often housed alone in a cell. (Doc. No. 120 at 11-12). Nelson's Statement re-asserts the same arguments Nelson previously raised. (Doc. No. 142 at 2). Plaintiff's Statement appears to contend that while conferring, Nelson agreed to look for the

1  attendance records, but noted that the CDCR only keeps attendance records for a five-year time
2  period. (Doc. No. 144 at 2).

3      At the outset, the Court notes that Nelson cannot produce the records if they no longer exist.
4  Nelson has represented that he has on at least two other occasions sought these attendance records but
5  CDCR does not keep records more than five years of age. Here the seven-month period is now seven
6  years old. Further, the Court finds Nelson's work attendance records requested are duplicative. As
7  stated above, Plaintiff states that he needs RFP No. 1 to prove Nelson worked on the day of the
8  incident and that he worked with Schmidt. Nelson admits to working in Plaintiff's housing unit
9  during the relevant time and working in proximity with Schmidt. Thus, there is no dispute concerning
10 whether Nelson was working in Plaintiff's housing unit when the incident giving rise to the cause of
11 action occurred. Thus, to the extent that further efforts by Nelson to obtain the records from CDCR
12 prove unfruitful, Plaintiff's Motion is denied as to RFP No. 1.

13     The next RFP in dispute is RFP No. 4, concerning documents showing inmates' cell
14 movements. (Doc. No. 142 at 3); (Doc. No. 144 at 2-3).

> REQUEST FOR PRODUCTION NO. 4:
>
> Please identify and produce any and all CDCR 128-G's, Classification Committe [sic] Chronos, and/or any other records from the Central File of the inmate that you had moved from cell C2-148 to cell C2-217 on July 24, 2014, who you identified as a "Southern California Skinhead" in response to Plaintiff's Interrogatory No. 5, which document that this inmate was classified by the CDCR as an active "Skinhead," as of July 24, 2014. (The scope of this request is limited to documents generated by CDCR personnel, or other law enforcement agencies, from January 1, 2013 through July 24, 2014. The name and CDCR Number of this inmate must remain unredacted; however, any other sensitive or private information may be redacted).
>
> RESPONSE TO REQUEST FOR PRODUCTION NO. 4:
>
> Responding party objects to this request as it seeks confidential documents of non-party inmates, its production presents a safety and security threat to the institution, and it violates the privacy interests of non-party inmates. Without waiving the objections, responding party is not the custodian of the confidential records, does not have access to the requested confidential records, and therefore responding party does not have responsive documents in his possession, custody, or control.

Plaintiff asserts that Nelson claims Plaintiff was returned to the housing unit because the only other inmate available to be housed with Plaintiff posed a security risk to Plaintiff because they were a "Southern California Skinhead." (Doc. No. 120 at 15). In opposition, Defendant Nelson asserts the records pose a security risk and identify another inmate as a violent gang member. (Doc. No. 122 at 5). Nelson further asserts his employment does not mean he has possession of the documents, and Plaintiff must instead subpoena CDCR. (*Id.*). Nelson's Statement re-asserts not having possession, control, or custody of the documents, and recognizes he cannot produce without an order from the Court. (Doc. No. 142 at 3). Plaintiff's Statement reiterates that the documents are "crucial" to impeach Nelson on his justifications for moving Jones into his cell. (Doc. No. 144 at 2-3).

The Court understands Defendant Nelson's position that documents concerning a non-party inmate, who has been described as a gang member, may indeed pose a security risk to the non-party inmate, or the institution. However, if Nelson's position is that the inmate identified as a "Southern California Skinhead" was the only other inmate, aside from Jones, available to be housed with Plaintiff, then the documentation pertaining to cell housing decisions dated the time of the incident are relevant and proportional to the issues in this case. The documents could either support Nelson's position or show Nelson's statement was untrue.

To the extent Nelson argues he does not have the documents in his care, custody, or control, despite his continued employment with the CDCR, the District Court's October 28, 2020 Order granting Plaintiff's motion for reconsideration ruling on a May 29, 2019 motion to compel in this case, specifically noted that courts often deem correctional officials to have "constructive control" over documents held by their employer, unless correctional officials contend they do not have constructive possession of the documents and provide factual support for the contention. (Doc. No. 105 at 3-4) (citations omitted); (*See also* Doc. No. 134 at 14) (citations omitted).

"Control is defined as the legal right to obtain documents on demand." *Lopez v. Chertoff*, No. 07-cv-1566-LEW (PC), 2009 WL 1575214, at *1 (E.D. Cal. June 2, 2009) (citations omitted). Former employees of government agencies cannot be deemed to have control of documents in former employers' possession. Here, based on Nelson's own assertion, he remains employed with CDCR. (Doc. No. 122 at 5). Nelson has not provided factual support for the

contention that he cannot request the document from his employer. Thus, to the extent such documents exist in response to RFP No. 4, Nelson must make the documents available to Plaintiff within seven (7) days from the date on this Order.

Next, Plaintiff's RFP No. 5 remains unresolved. (Doc. No. 142 at 3); (Doc. No. 144 at 3).

**REQUEST FOR PRODUCTION NO. 5:**

Please identify and produce any and all inmate attendance records, including, but not limited to, attendance rosters, sign-in sheets, and/or inmate pass lists, which identify the names and CDCR numbers of all inmates on Facility C at CCI, who attended any form of religious services on July 24, 2014. (Such records are available to you through the Head Chaplin at the California Correctional Institution. You may redact the names and CDCR numbers of all inmates on any responsive records, with the exception of Inmate Cedric Jones, CDCR# AK-2526).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding party objects to this request as it seeks confidential documents of non-party inmates, and it violates the privacy interests of non-party inmates. Without waiving the objections, responding party does not have access to the requested records, and therefore responding party does not have responsive documents in his possession, custody, or control.

Plaintiff states the information he seeks is relevant to defend against a statement Nelson made (to the effect that Plaintiff could have refused to enter the cell with Jones when he was moved in with him on July 24, 2014, but he did not). (Doc. No. 120 at 17). Plaintiff says inmate Jones was attending Islamic religious services and was not present in the cell when he returned. (Id.). In response, Nelson objects to RFP No. 5, raising the privacy and confidentiality concerns of non-party inmates with respect to their attendance at religious services. (Doc. No. 122 at 6). Additionally, Nelson asserts he does not have possession of documents responsive to RFP No. 5. (Id.). Finally, Nelson argues that such documentation is unnecessary and duplicative of Plaintiff's testimony as a witness. (Doc. No. 122 at 6). Nelson's Statement reiterates that he does not have possession of documents responsive to RFP 5. (Doc. No. 142 at 3). Further, Nelson explains to the extent the CDCR makes documents responsive to RFP 5 available to Plaintiff, then the third-party inmate names must be redacted. (Id.). Plaintiff's Statement contends that Nelson should have provided a declaration supporting his claims that third-party inmates' names

8

must be redacted.  (Doc. No. 144 at 3).

The Court has previously rejected Nelson's argument concerning his lack of possession or control of other CDCR documents.  *Supra* at 7-8.  However, the Court agrees in part with Nelson because documents concerning all inmates' attendance at religious services requested in RFP No. 5 is not relevant in this case and is overly broad.  Plaintiff alleges that Jones was not in the cell when he was escorted back to his cell because he believes Jones was attending religious services at the time.  It is of no consequence *where* inmate Jones was when Plaintiff was escorted to the cell.  Plaintiff's position is that inmate Jones was not in the cell.  Plaintiff cannot be permitted to go on a fishing expedition to discover where in fact inmate Jones was when he purports Jones was not in his cell.

Further, as worded, RFP No. 5 is overly broad to the extent it seeks information on "all inmates" attendance at religious services.  Plaintiff has not articulated a valid reason why he needs "all inmates" attendance at religious services on July 24.  Producing documentation regarding all inmates' religious services attendance on July 24 is also not proportional to the needs of the case.  Nevertheless, whatever the reason inmate Jones was not in the cell when Plaintiff was escorted to the cell, whether it be for religious attendance or for some other appointment, is of no consequence to Plaintiff's case.  Plaintiff's Motion directed at RFP No. 5 is denied.

### B. Parties' Partially Resolved RFP Nos. 2 and 3

The Court now turns to address RFP Nos. 2 and 3, which Plaintiff's Statement acknowledges Nelson supplemented, but challenges the redactions of the third-party inmates' names.  (Doc. No. 144 at 2).  RFP Nos. 2 and 3 both pertain to the Bed Request Batch, RFP No. 2 is directed at inmate Brent Walkins and RFP No. 3 directed at inmate Jones.

**REQUEST FOR PRODUCTION NO. 2**:

> Please produce the SOMS generated Bed Request Batch that was submitted on January 22, 2014, through which staff requested the move of inmate Brent Walkins CDCR# AP-5668, into cell C2-104. (The names of the staff members who requested and reviewed this request must not be redacted).

**NELSON'S RESPONSE TO REQUEST FOR PRODUCTION

9

**NO. 2:**

Responding party objects to this request as the cell move of inmate non-party Brent Walkins on January 22, 2014 is not related to claims or defenses involving responding Defendant Nelson. Pursuant to the screening order at Doc. 19, Plaintiff's retaliation claim against Defendant Nelson involves Plaintiff's re-housing with inmate Jones in July 2014. (*See* Doc. 19 at 6:15-23, 17:14-25). Without waiving the objection, Defendant has previously stated in response to Plaintiff's special interrogatory No. 9: "Defendant has no recollection of moving any inmate named Brent Walkins into a cell occupied by Plaintiff on any date."

Plaintiff argues these documents could show a conspiracy between Schmidt and Nelson in placing inmate Jones in his cell because a Bed Request Batch will document this information. (Doc. No. 120 at 12).  In response, Defendant Nelson notes that Plaintiff's request for Bed Batch documents regarding the moving of inmate Walkins will not show movement of inmate Jones, the subject of the lawsuit. (Doc. No. 122 at 3).

**REQUEST FOR PRODUCTION NO. 3**:
Please produce the SOMS generated Bed Request Batch that was submitted on July 9, 2014, through which staff requested the move on inmate Cedric Jones, CDCR# AK-2526, into cell C2-217. (The names of the staff members who requested and reviewed this request must not be redacted).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:
Responding party objects that details of the cell movement of non-party inmate Jones on July 9, 2014 is not related to claims or defenses in this action. Without waiving the objection, responding party asserts that he is not the custodian of inmate records, and the bed request batch is not readily obtainable.

Plaintiff argues this information is relevant to proving Jones' instability and confrontational behavior with cellmates and to challenge Nelson's credibility that there was no evidence demonstrating that Plaintiff and inmate Jones could not be housed together.  (Doc. No. 120 at 15).  In opposition, Defendant Nelson argues that the request is not likely to produce relevant evidence, that such documents do not contain the narratives that Plaintiff appears to envision they contain, and maintains he is not the custodian of inmate records, despite his current employment. (Doc. No. 122 at 4).

To the extent it appears Defendant Nelson has provided Plaintiff with documents

responsive to RFP Nos. 2 and 3, but has redacted all inmates' names, it is unclear why *all* inmate names would be redacted when RFP No. 2 requested documents specific to inmate Walkins and RFP No. 3 requested as to inmate Jones.  Thus, to the extent such documents exist concerning the Bed Request Batch submitted on July 9, 2014, Nelson shall provide supplemental documents with the names of inmates Walkins and Jones unredacted within seven (7) days from the date on the order.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion is **granted in part** and **denied in part** as follows: (a) RFP No. 1 is denied to the extent CDCR does not maintain attendance records in excess of five years; (b) RFP 2 and 3, supplemented, is **granted as modified** to the limited extent that if inmates Jones' and Walkins' names appear, such names shall be unredacted on the documents Nelson produces to Plaintiff; (c) RFP No. 4 is **granted**; (d) RFP No. 5 is **denied**.  Defendant must produce documents responsive to RFP Nos. 2, 3, and 4 **within seven (7) days from the date on this order.**

2. Plaintiff's motion to compel directed at Interrogatories Nos. 5, 9, 11 through 14 is **denied as moot, without prejudice**.

3. Affording Plaintiff an opportunity to review the ordered discovery, Plaintiff's response to Defendant Nelson's motion for summary judgment (Doc. No. 85) shall be delivered to correctional officials for mailing **no later than September 19, 2021**.

Dated: August 5, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE