UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>         Plaintiff,<br><br>    v.<br><br>JAY JONES, ET. AL.,<br><br>         Defendants. | Case No. 1:15-cv-1360-DAD-HBK<br><br>ORDER DENYING MOTION TO DISQUALIFY<br><br>(Doc. No. 151) |

Pending before the Court is Plaintiff Jared Villery's motion to disqualify United States Magistrate Judge and incorporated declaration filed on September 23, 2021. (Doc. No. 151). Defendants have not filed a response and the time to do so as expired. (*See* docket). For the reasons set forth below, Plaintiff's motion to disqualify the undersigned is denied.

**Background**

Plaintiff, as a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff is proceeding on his First Amended Complaint ("FAC") filed on May 26, 2017. (Doc. No. 16). The case was re-assigned to the undersigned magistrate judge on November 17, 2020. (Doc. No. 106).

Shortly after re-assignment of this case in November 2020, the undersigned held a telephonic status conference with all parties on January 20, 2021. (Doc. No. 116). Additionally, since re-assignment of the case, the undersigned has issued orders in pertinent part: (1) granting in

1  part and denying in part Plaintiff's motion to modify the discovery and scheduling order (Doc. No.
2  118); (2) resolving Plaintiff's motion to determine the sufficiency of Defendant Nelson's responses
3  to requests for admission (Doc. No. 124); (3) granting Plaintiff's motion for leave to file an out of
4  time motion to compel (Doc. No. 137); (4) directing the parties to file a joint statement regarding
5  Plaintiff's motion to compel (Doc. No. 138); (5) granting Plaintiff's motion for enlargement of time
6  to file opposition to summary judgment motion and motion to strike (Doc. No. 141); (6) denying
7  Plaintiff's motion to modify the discovery and scheduling order (Doc. No. 143); (7) granting in part
8  and denying in part Plaintiff's motion to compel (Doc. No. 145); and (8) granting Plaintiff's second
9  motion for enlargement of time to respond to the summary judgment motion (Doc. No. 149).

10  Plaintiff alleges the undersigned has demonstrated bias and prejudice "since being
11  assigned to this matter on November 17, 2020." (Doc. No. 151 at 3). Plaintiff alleges the
12  undersigned has "treated Plaintiff with derision and hostility, while showing clear favoritism to
13  Defendants and their counsel." (*Id.*). Plaintiff refers to the teleconference hearing occurring on
14  January 20, 2021, and claims "[t]hroughout the hearing . . . the Magistrate repeatedly implied that
15  Plaintiff was lying about the date he submitted a motion to prison officials for mailing, about his
16  having contracted Covid-19, and about the impact that Covid-19 had had [sic] on the operations
17  at his facility." (*Id.*). Plaintiff also refers to orders the undersigned issued February 4, 2021, April
18  6, 2021, May 24, 2021. (*Id.* at 4-5). Plaintiff's declaration, signed under the penalty of perjury,
19  raises the same issues. (*Id.* at 10-11).

## Legal Standard of Review

21  Plaintiff filed the instant motion for disqualification under 28 U.S.C. § 455(a). (Doc. No.
22  151 at 1). Motions for recusal are governed by 28 U.S.C. §§ 144 and 455. Section 144 requires a
23  judge to recuse oneself if a party files an affidavit that is: (1) timely; (2) accompanied by a
24  certificate of counsel of record stating that it was made in good faith; (3) sufficient in its allegation
25  that the judge has a "personal bias or prejudice" against the movant. *Id.* In pertinent part, § 144
26  provides as follows:

27  > Whenever a party to any proceeding in a district court makes and files a timely and
     > sufficient affidavit that the judge before whom the matter is pending has a personal
28   > bias or prejudice either against him or in favor of any adverse party, such judge shall

> proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it was made in good faith.

*Id.* As a threshold matter, the court must determine whether Plaintiff has submitted a timely and sufficient affidavit. *Cal. Chamber of Commerce v. Becerra*, Case No. 2:19-cv-02019-KJM-JDP, 2021 WL 4356038 *2 (E.D. Cal. Sept. 24, 2021). If a timely and sufficient affidavit is submitted in support of the motion, the Court then evaluates whether personal bias or prejudice exists from a reasonable person's perspective. The test for personal bias or prejudice under sections 144 and 455 are identical and the same standard is applied to both sections. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455 is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008); *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (citations omitted). "The standard 'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Holland*, 519 F.3d at 913.

Recusal is required under 28 U.S.C. § 144 only where the prejudice or bias of the judge is both personal and extra-judicial. *United States v. Carignan*, 600 F.2d 762, 763 (9th Cir. 1979). In order for the alleged bias and prejudice to be disqualifying, it must stem from an extrajudicial source other than what the judge learned from his participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). The source of the bias must be extra-judicial because the recusal statutes were "never intended to enable a discontented litigant to oust a judge because of adverse rulings made. . . ." *Ex parte Am. Steel Barrel Co.*, 230 U.S. 35, 44 (1913).

Section 455 requires a party to show more than an "unsubstantiated suggestion of personal bias or prejudice." *Holland*, 519 F.3d at 913. Otherwise, a judge could recuse oneself "for any reason or no reason at all; we could pick and choose our cases, abandoning those that we find

difficult, distasteful, inconvenient or just plain boring." *Id.* at 912. In the absence of a legitimate reason to disqualify oneself, "a judge should participate in cases assigned." *Id.* (citations omitted).

**Analysis**

**A. Timeliness**

Courts considering the timeliness of recusal motions consider whether the movant acted "at the earliest possible moment after obtaining facts demonstrating a basis for recusal." *Cal. Chamber of Commerce v. Becerra*, Case No. 2:19-cv-02019-KJM-JDP, 2021 WL 4356038 *2 (E.D. Cal. Sept. 24, 2021)(citing *United States v. Bell*, 79 F. Supp. 2d 1169, 1172 (E.D. Cal. 1999); *see also Jaffe v. HSBC North American Holdings, Inc.*, Case No. 11-01839-PHX-NVW, 2011 WL 13140717 (D. Az. Nov. 18, 2011)(noting affidavits are not timely unless filed at the earliest moment after the movant acquires knowledge of the facts demonstrating the basis for such disqualification); *James v. District of Columbia*, 191 F. Supp. 2d 44, 46 (D.C. Feb. 21, 2002)(citing *Holmes v. NBC/GE*, 925 F.Supp. 198, 201 (S.D.N.Y 1996)(noting same). The timeliness requirement ensures a party does not "wait and decide whether to file based on whether he [or she] likes subsequent treatment he [or she] receives." *Jaffe*, 2011 WL 13140717 *1. Affidavits are often deemed untimely after "substantial periods of delay." *Id*. (citations omitted). Courts have determined a two-month and an eight-month delay in filing the affidavit is untimely. *Id*. (citations omitted).

The earliest moment Plaintiff alleges he saw facts demonstrating that the undersigned should recuse was at re-assignment of the case in November 2020. (Doc. No. 151 at 3). Thus, a delay of approximately ten months occurred between when the first facts giving rise to Plaintiff's alleged concern arose and the time Plaintiff filed the instant motion. As stated above, courts have determined that as short as a two-month delay resulted in the affidavit being untimely. Here, nearly ten months have elapsed between the time Plaintiff alleges facts first arose and his filing of the motion.

Plaintiff's other allegations supporting his motion stem from a teleconference hearing occurring in January 2021 and the undersigned's orders spanning the duration of 2021. (*Id.* at 3-6). These orders, which apparently did not have Plaintiff's desired outcome, is the reason why

4

the law requires the affidavit be filed at the earliest time. A review of the docket reveals summary judgment motions pending since June 2020 and May 2021 are nearly ripe for review. (*See* docket). Plaintiff's timing of the instant motion is therefore suspect. Plaintiff appears to have taken a "wait and see" approach. Plaintiff arguably chose to file the instant motion now and "file a late-breaking recusal motion in an attempt to delay an adverse judgment to obtain reassignment" so the undersigned would not issue findings and recommendations on the nearly ripe motions for summary judgment. *Cal. Chamber of Commerce*, 2021 WL 4356038 *2. Regardless, the Court deems Plaintiff's declaration untimely.

### B. Certificate of Good Faith

As noted above, "a movant's affidavit in support of recusal "shall be accompanied by a certificate of counsel of record stating that it is made in good faith" under § 144. *James v. District of Columbia*, 191 F. Supp. 2d at 47. A motion for recusal must be accompanied "by *both* a factual affidavit and a separate certificate that the affidavit was made in good faith." *Id.* (emphasis in original).

Here, Plaintiff files a declaration[1] under penalty of perjury in support of his motion. Plaintiff's declaration, however, does not attach the requisite *separate* certificate attesting that it was made in good faith. (*See* Doc. No. 151 at 10-11). Similar to the Plaintiff in the *James* case, wherein the United States Magistrate Judge deemed the affidavit insufficient when it did not bear the separate certificate of good faith, the undersigned deems the declaration insufficient because it does not bear the separate certificate attesting good faith.

### C. Sufficiency

The Court need not address sufficiency of Plaintiff's allegations considering his declaration is untimely and also lacks the requisite certificate of good faith. *Supra* at 3. For the sake of thoroughness, however, the undersigned addresses Plaintiff's allegations.

As noted by Eastern District of California Chief United States District Judge Mueller, "[i]f

---

[1] The primary difference between an affidavit and a declaration is the notary block an affidavit bears, but a declaration does not. Black's Law Dictionary (11th ed. 2019). Under 28 U.S.C. § 1746, when "any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, . . . such a matter may, with life force and effect, be supported, evidenced, established, or proved by unsworn declaration" so long as it is attested under penalty of perjury.

5

judges 'could recuse ourselves for any reason or no reason at all,' then 'we could pick and choose our cases, abandoning those that we find difficult, distasteful, inconvenient, or just plain boring.' '[I]t would be too easy for those who seek judges favorable to their case to disqualify those they perceive to be unsympathetic merely by publicly questioning their impartiality. We in fact have 'as strong a duty to sit when there is no legitimate reason to recuse as [we do] to recuse when the law and facts require it.'" *Cal. Chamber of* Commerce, 2021 WL 4356038 *3 (internal citations omitted).

Here, the undersigned has a duty to sit and hear this case. Plaintiff's averments are conclusory and unsupported by the record. Despite Plaintiff's invitation to refer to the recording of the January 2021 teleconference hearing, the Court does not record teleconference hearings. The Court's notes and recollection of the subject teleconference differ from that of Plaintiff's. Nevertheless, Plaintiff's the factual averments do not show personal bias or prejudice of the undersigned, but instead a court's pursuit to ensure a "just, speedy, and inexpensive determination" of this action as required under Fed. R. Civ. P. 1. The issues Plaintiff raises appear to mainly stem from the undersigned's adverse judicial rulings. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994)(citations omitted).

ACCORDINGLY, it is **ORDERED**:

Plaintiff's motion for disqualification (Doc. No. 151) is DENIED.

Dated:    November 10, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE