UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAY JONES, ET. AL.,<br><br>　　　　Defendants. | Case No. 1:15-cv-1360-DAD-HBK<br><br>ORDER DENYING PLAINTIFF'S SIXTH MOTION FOR AN ENLARGEMENT OF TIME<br><br>(Doc. No. 161) |

Pending before the Court is Plaintiff's sixth motion for an enlargement of time, filed as an emergency seeking relief under the All Writs Act, signed on November 22, 2021 and docketed on November 29, 2021. (Doc. No. 161). Plaintiff incorporates with his motion his own declaration. (*Id.*).

**I. BACKGROUND AND FACTS**

For the last six years, Plaintiff has been proceeding on his *pro se* prisoner civil rights complaint filed under 42 U.S.C. § 1983. On November 16, 2021, the Court granted Plaintiff's approximate fifth motion for an enlargement of time allowing Plaintiff, no later than November 29, 2021, to provide to correctional officials for mailing his response(s) opposing Defendants' respective motions for summary judgment. (Doc. No. 160). Reviewing the history in the action, the Court noted the length of time the defendants' respective motions for summary judgment have been pending and awaiting response(s) from Plaintiff. (*Id.* at 3). The Court further warned

Plaintiff that "NO FURTHER EXTENSIONS WILL BE GRANTED." (*Id.* at 4) (emphasis in original).

Now, Plaintiff moves for his approximate sixth enlargement of time. (*See* Doc. No. 161). Plaintiff states "[u]pon information and belief, [he] has a current deadline of November 28, 2021, within which to file his Opposition to Defendants' motion[s]." (*Id.* at 1). Plaintiff states his "opposition pleadings have been completed for two months," but claims prison officials have "obstruct[ed] Plaintiff's ability to obtain photocopies of his pleadings, making it impossible for him to file these documents with the Court." (*Id.* at 2). Plaintiff believes it will take "several more months" before he is able to obtain copies that would allow him to file his opposition pleadings unless the Court takes action under the All Writs Act. (*Id.*). Plaintiff requests that the Court direct the Secretary of the California Department of Corrections and her subordinates to permit Plaintiff access to the law library to "photocopy, bind, and then file" his opposition. (*Id.*).

In short, Plaintiff seeks an unspecific enlargement of time, but up to "several months," to file oppositions to summary judgment motions he claims he completed two months ago, solely for purposes of obtaining bound copies of the documents before filing them in Court. (*See generally Id.*). Plaintiff's declaration incorporated within his motion further alleges he needs more time because he was "put up for transfer" on November 18, 2021, from California Institution for Men to a California Healthcare Facility at Stockton. (*Id.* at 8). With his speculative, impending transfer, Plaintiff anticipates he will be quarantined again, and not able to access the law library to make copies. (*Id.* at 8-9). Notably, Plaintiff's declaration details his prior transfer and repeats allegations that he did not receive his legal documents following his last transfer, despite Defendants previously providing evidence to refute Plaintiff's prior allegations. Specifically, Defendants' evidence submitted previously showed that following Plaintiff's transfer, he received his property boxes containing all legal materials on September 29, 2021, or no later than October 13, 2021. (*See Id.* at 8; *see also* Doc. No. 160 at 2) (citing Decl. at 3)).

## II. DISCUSSION

The All Writs Act permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §

2

1651(a). "'The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice and encompasses even those who have not taken any affirmative action to hinder justice.'" *Cunningham v. Martinez*, 2021 WL 2549454 *1 (E.D. Cal. June 22, 2021) (citing *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (other citations omitted)). For example, the Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action. *Id.* (citations omitted). Significantly, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." *Id.* (citing *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001)) (other citations omitted).

As set forth most recently in the Court's November 16, 2021 order, this case cannot be permitted to languish indefinitely while Plaintiff seeks numerous extensions of time. Plaintiff has had his legal materials since September 29, 2021, and October 13, 2021, respectively. (*See* Doc. No. 160 at 2-3). Plaintiff acknowledges that his oppositions have been done for months. (Doc. No. 161 at 2). Plaintiff now alleges he cannot obtain copies, or bound copies, and does not have access to law library to make such copies, but Plaintiff does not provide a single inmate grievance or inmate form submitted to prison officials requesting copies be made of his responses in opposition or requesting access to the law library to make such copies. (*See Id.*). Nor does Plaintiff provide written forms from correctional officials denying his requests for copies or library access. (*Id.*). Bound copies are not required for filing in federal court. Further, the Court will deem the Clerk's docketing of Plaintiff's oppositions on CMECF as sufficient service of process on Defendants so Plaintiff need not make copies of the oppositions to mail to Defendants.

The Court does not deem use of the All Writs Act appropriate based on the facts presented here. Plaintiff's unsubstantiated allegations regarding correctional officials' alleged refusal to permit him to make copies, or bound copies, does not warrant use of injunctive relief under the All Writs Act. Nor do the allegations justify granting a several-month enlargement of time, particularly considering the time already elapsed in this case. Nor does a speculative threat of

future transfer to a different correctional institution justify more delay in this matter. Finally, Plaintiff's insinuations in the instant motion that he has not received copies of the Court's prior orders are not well taken considering no mail has been returned to Court marked as "undeliverable." (*See* docket). Plaintiff is fully aware of the deadlines in this case.

As the November 16 Order warned, no further enlargements of time will be permitted. (*Supra* at 1). Thus, Plaintiff's approximate sixth motion for enlargement of time is denied. **The Court will deem Defendants' respective June 22, 2020 and May 26, 2021 motions for summary judgment (Doc. Nos. 85, 129) submitted on December 21, 2021 based upon the record then before the Court.** **To the extent Plaintiff wishes the Court to consider his oppositions "that have been completed for two months" in its ruling on Defendants' respective motions for summary judgment he is urged to expeditiously mail them to the Clerk for docketing**.

Accordingly, it is **ORDERED**:

1. Plaintiff's sixth motion for an enlargement of time and request for the Court to order copying and binding of his oppositions under the All Writs Act (Doc. No. 161) is **denied**.

2. The Court will deem Defendants' respective June 22, 2020 and May 26, 2021 motions for summary judgment (Doc. Nos. 85, 129) submitted on December 21, 2021 based upon the then record before the Court.

3. The Clerk shall provide a copy of Plaintiff's motion (Doc. No. 161) and the instant Order to the Litigation Coordinator at California Institution for Men for informational purposes only.

Dated:  November 30, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4