UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>            Plaintiff,<br><br>    v.<br><br>JAY JONES, ET. AL.,<br><br>            Defendants. | Case No. 1:15-cv-01360-DAD-HBK<br><br>ORDER GRANTING PLAINTIFF CONSTRUED MOTION FOR PERMISSION TO FILE LIMITED SURREPLY AND MOTION FOR EXTENSION OF TIME TO FILE SURREPLY<br><br>(Doc. No. 174) |

Pending before the Court is Plaintiff's motion for an extension of time to file a surreply, filed on February 22, 2022. (Doc. No. 174). Noting the dates on which Plaintiff filed his opposition to the motion for summary judgment filed on behalf of Defendants Yerton, Schmidt, Escarcega, and Jones, and Defendants' reply (Doc. No. 171), Plaintiff requests a extension of time until March 9, 2022 to file a surreply. (*Id*. at 1-2).

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. E.D. Cal. Local Rule 230(l); *see also Garcia v. Biter*, 195 F. Supp.3d at 1131, 1133 (E.D. Cal. July 18, 2016). The Court generally views motions for leave to file a surreply with disfavor. *Id.* (citing *U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009)(district court did not abuse discretion in refusing to permit inequitable surreply); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n. 14 (9th Cir. 2008)(district court did not abuse discretion in denying leave to file surreply where it did not consider new

evidence in reply; *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)(new evidence in reply may not be considered without giving the non-movant an opportunity to respond.

Although Plaintiff requests only an enlargement of time until March 9, 2022 to file his surreply, the Court liberally construes the motion as incorporating a request for leave to file a surreply. Plaintiff does not claim that Defendants have presented new evidence in reply to his opposition to their summary judgment motion. Instead, Plaintiff explains he wants to file a surreply to "rebut objections [defendants] have lodged against his evidence" opposing Defendants' summary judgment motion. (*Id.* at 4). Plaintiff also references amended supplemental interrogatory responses provided by Defendant Schmidt. (*Id.*).

While generally the courts disfavor the filing of surreplies, the Court will permit Plaintiff leave to file a limited surreply. In so doing, Plaintiff's surreply must only address Defendants' reply (Doc. No. 171), consist of no more than 7 pages in length, and must be delivered to correctional officials for mailing no later than March 9, 2022. No further enlargements of time will be permitted for Plaintiff to file a surreply.

Accordingly, it is **ORDERED**:

1. Plaintiff's construed motion to file surreply and motion for an extension of time to file a surreply is GRANTED to the extent set forth herein. (Doc. No. 174)

2. Plaintiff may file a surreply to Defendants Yerton, Schmidt, Escarcega, and Jones' Reply (Doc. No. 171), to be delivered to correctional officials for mailing no later than March 9, 2022, consisting of no more than 7 pages in length, addressing only Defendants' reply. No further extensions of time will be permitted.

Dated:   March 1, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE