UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY, | Case No. 1:15-cv-01360-DAD-HBK |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL |
| v. | |
| JAY JONES, ET. AL., | ORDER DENYING MOTION TO MODIFY PROTECTIVE ORDER |
| Defendants. | (Doc. No. 166) |

Pending before the Court is Plaintiff's motion to file documents under seal, or in the alternative to modify the protective order. (Doc. No. 166, "Motion"). Defendant filed a response stating they had no opposition to Plaintiff's request to file specified exhibits under seal but objecting to any modification of the protective order. (Doc. No. 172). For the reasons discussed below, the Court grants Plaintiff's Motion to the extent Plaintiff's specified exhibits appended to his Motion shall be filed under seal. The Court, otherwise, denies Plaintiff's Motion to the extent he seeks to modify the operable protective order.

As background, Plaintiff initiated this action *pro* se by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). Defendants Yerton, Schmidt, Escarcega, and Jones moved for summary judgment. (Doc. No. 129). Plaintiff filed an opposition to the motion for summary. (Doc. No. 164). In the instant Motion, Plaintiff seeks permission to file certain exhibits under seal that support his opposition to the Defendants' summary judgment motion. (*See generally*

1   Doc. No. 166).  Defendants do not oppose sealing the exhibits and point to the protective order,
2   specifically paragraphs 3, 7-8 in support.  (Doc. No. 172 at 2).  Defendants, however, object to
3   any changes to the protective order arguing Plaintiff has not shown the necessary good cause to
4   modify the protective order and explaining their reliance on the protective order.  (*Id.* at 2-3).

5       The Court finds Defendants' argument well taken.  The protective order provides for
6   sealing documents that are confidential.  Plaintiff seeks to file transcripts of CDCR internal affairs
7   investigations and a CDCR memorandum dated July 11, 2014.  The parties agree these
8   documents are confidential and are covered under the protective order in place.  The Court thus
9   will direct these documents be sealed.

10       In contrast, Plaintiff has failed to provide good cause to modify the protective order.  *Intel*
11   *Corp. v. VIA Technologies, Inc*., 198 F.R.D. 525, 528 (N.D. Cal. 2000).  Plaintiff fails to explain
12   specific prejudice or harm to his case if the protective order is not modified.  Instead, Plaintiff
13   offers only speculation that the documents may be used at trial.  Speculation of future revelation
14   is not sufficient grounds to modify a protective order.  *CBS Interactive Inc. v. Etilize, Inc*. 257
15   F.R.D. 195, 201 (N.D. Cal. 2009).  Because Plaintiff has failed to articulate any specific prejudice
16   or harm that will result from the failure to modify the protective order and Defendants relied upon
17   the protective order in providing certain sensitive internal documents, the Court denies Plaintiff's
18   motion to modify the protective order.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475
19   (9th Cir. 1992) (recognizing reliance of party opposing must be considered before modifying
20   protective order).

21       Accordingly, it is **ORDERED**:

22       Plaintiff's motion for to seal (Doc. No. 166) is GRANTED **to the limited** extent the Clerk
23   is directed to file under seal the following exhibits appended to Plaintiff's Motion:  Exhibits 10,
24   28, 36, and 37.  Plaintiff's motion to modify the protective order (Doc. No. 166) is DENIED.

25   Dated:  March 1, 2022

26       HELENA M. BARCH-KUCHTA
    UNITED STATES MAGISTRATE JUDGE
27
28