UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>                     Plaintiff,<br><br>             v.<br><br>JAY JONES, et al.,<br><br>                     Defendants. | No.  1:15-cv-01360-DAD-HBK<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE ASSIGNED MAGISTRATE JUDGE'S NOVEMBER 16, 2021 ORDER<br><br>(Doc. Nos. 163, 169) |

Plaintiff Jared M. Villery is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This matter is now before the court on plaintiff's request for reconsideration of the assigned magistrate judge's order of November 16, 2021 (Doc. No. 160).  (Doc. No. 169.)[1]  For the reasons explained below, plaintiff's request for reconsideration will be denied.

---

[1] On December 8, 2021, plaintiff filed a motion for an extension of time in which to file a request for reconsideration of the magistrate judge's order because, according to plaintiff, he did not receive a copy of the November 16, 2021 order until November 30, 2021—one day after the 14-day filing deadline set by the Local Rules for requests for reconsideration.  (Doc. No. 163.)  Consistent with the requested extension, plaintiff filed the pending request for reconsideration, which he dated December 21, 2021 and which was entered on the docket January 3, 2022.  (Doc. No. 169.)  Accordingly, the court will now grant plaintiff's motion for an extension of the filing deadline as to his request for reconsideration (Doc. No. 163) and will proceed to consider the merits of plaintiff's pending request for reconsideration as though timely filed.

1

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

## DISCUSSION

In the November 16, 2021 order, the magistrate judge granted, in part, plaintiff's fifth motion for an extension of time in which to file his oppositions to the motion for summary judgment filed by defendant David Nelson on June 22, 2020 (Doc. No. 85) and the motion for summary judgment filed by defendants Rafael Escarcega, Jay Jones, Richard Schmidt, and Christopher Yerton (collectively, the "group defendants") on May 26, 2021 (Doc. No. 129). Specifically, plaintiff had requested "an extension of time up to and including November 28, 2021" (Doc. No. 153 at 1), and the magistrate judge granted that request, directing plaintiff to "deliver his opposition to correctional officials for mailing no later than Monday, November 29, 2021," and warning plaintiff that "[n]o further extensions will be granted." (Doc. No. 160).

Prior to filing the pending request for reconsideration, on December 9, 2021, plaintiff filed an opposition to the group defendants' motion for summary judgment. (Doc. No. 164.) After

receiving an extension of time of their own, the group defendants filed a reply brief in response to plaintiff's opposition to their pending motion for summary judgment. (Doc. Nos. 167, 168, 171.) Notably, the group defendants did not argue that plaintiff's opposition brief was untimely or that it ran afoul of the magistrate judge's November 16, 2021 order that no further extensions would be granted. Indeed, on January 11, 2022, the group defendants filed an opposition to the pending request for reconsideration, arguing that plaintiff's request as it relates to their motion has been rendered moot. (Doc. No. 170.) In his reply to the group defendants' opposition, plaintiff acknowledged that because the group defendants have essentially conceded that his opposition to their motion for summary judgment was timely filed, his pending request for reconsideration of the November 16, 2021 order with regard to the filing deadline for his opposition to the group defendants' motion for summary judgment has been rendered moot. (Doc. No. 177 at 2.) Accordingly, the undersigned will deny plaintiff's request for reconsideration of the November 16, 2021 order as it relates to his opposition to the group defendants' motion for summary judgment.

As to the filing deadline for plaintiff's opposition to defendant Nelson's motion for summary judgment, in his request for reconsideration, plaintiff contends that the magistrate judge abused her discretion by "ruling that plaintiff would not receive any further extensions of time" to file his opposition. (Doc. No. 169 at 5.) According to plaintiff, the magistrate judge erred by not considering the fact that bad faith obstructionism on defendant Nelson's part has caused repeated delays and continues to hinder plaintiff's ability to oppose defendant Nelson's motion for summary judgment. (*Id.* at 16.) In particular, plaintiff contends that defendant Nelson did not fully comply with the court's August 6, 2021 discovery order granting in part plaintiff's motion to compel defendant Nelson to produce documents, because rather than provide plaintiff with copies of records, plaintiff was instead only permitted to review and inspect the records in question. (*Id.* at 10–11.)

On January 18, 2022, defendant Nelson filed an opposition to plaintiff's pending request for reconsideration, arguing that the request "is a patently frivolous and dilatory tactic," and emphasizing that the magistrate judge had "generously provided" plaintiff a further extension of

1    time in an order dated November 30, 2021, directing plaintiff to "expeditiously" mail his
2    oppositions to defendant Nelson's motion for summary judgment no later than December 21,
3    2021.  (Doc. No. 173 at 3–4.)  According to defendant Nelson, the granting of this additional
4    extension of time, despite the court's prior warning that no further extensions would be granted,
5    effectively moots plaintiff's pending request for reconsideration.  (*Id.*)  Defendant Nelson also
6    stresses that plaintiff did not file any further motion to compel discovery or a motion for the
7    imposition of discovery sanctions against defendant Nelson for any purported failure to comply
8    with the court's discovery order.  (*Id.* at 3.)

9           On March 2, 2022, plaintiff filed a reply in response to defendant Nelson's opposition.
10   (Doc. No. 177.)  Therein, plaintiff maintains that the magistrate judge erred by ignoring the fact
11   that plaintiff's ability to oppose defendant Nelson's motion for summary judgment "was
12   obstructed and continues to be obstructed by [defendant] Nelson's refusal to comply with a
13   discovery order."  (*Id.* at 4.)  Plaintiff contends that the November 16, 2021 order erroneously
14   "prohibits him from seeking further relief to compel [defendant] Nelson to produce records
15   necessary for plaintiff to complete his opposition."  (*Id.*)

16          The undersigned is not persuaded by plaintiff's arguments, particularly in light of the fact
17   that plaintiff was aware of defendant Nelson's alleged non-compliance with the court's discovery
18   order well before filing his fifth motion for an extension of time to file his opposition to the
19   pending motion for summary judgment.  Indeed, in plaintiff's declaration dated September 16,
20   2021, which plaintiff filed in support of his *third* motion for an extension of time to file his
21   oppositions to the pending motions for summary judgment, plaintiff stated that he was still unable
22   to complete his opposition to the summary judgment motion because of defendant Nelson's
23   failure to comply with the discovery order.  (Doc. No. 150 at 4–5.)  Plaintiff also represented that
24   he was "currently in the process of preparing a motion for sanctions against Nelson on this
25   subject."  (*Id.*)  Nonetheless, plaintiff did not thereafter file any such motion for sanctions.

26          In short, the magistrate judge's November 16, 2021 order was not "clearly erroneous or
27   contrary to law."  L.R. 303(f).  The magistrate judge granted plaintiff's *fifth* request for an
28   extension of time to file his oppositions to the pending motions for summary judgment, warned

plaintiff that further extensions of time for that purpose would not be granted, and thereafter still granted yet another (sixth) extension of time, which enabled plaintiff to timely file an opposition to the group defendants' motion for summary judgment.  Having reviewed the extensive record in this case and considered the parties' arguments with regard to the pending request for reconsideration, the undersigned concludes that there is no "mistake" that has been committed by the magistrate judge in the November 16, 2021 order.  *See Concrete Pipe & Prod. of Cal., Inc.*, 508 U.S. at 623.

Accordingly, the undersigned will deny plaintiff's request for reconsideration of the magistrate judge's November 16, 2021 order.

## CONCLUSION

For the reasons set forth above,

1. Plaintiff's motion for an extension of time in which to file a request for reconsideration (Doc. No. 163) is granted; and
2. Plaintiff's request for reconsideration (Doc. No. 169) of the magistrate judge's November 16, 2021 order is denied.

IT IS SO ORDERED.

Dated:   **July 25, 2022**                                    /s/ Dale A. Drozd
                                                              UNITED STATES DISTRICT JUDGE