1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    JARED VILLERY,                          Case No.  1:15-cv-01360-KES-HBK (PC)

12                    Plaintiff,              ORDER DENYING PLAINTIFF'S MOTION
                                              FOR RELIEF FROM ORDER GRANTING
13           v.                               DEFENDANT NELSON SUMMARY
                                              JUDGMENT
14    JAY JONES, et al.,
                                              Doc. 186
15                    Defendants.

16

17          Before the Court is plaintiff's "Motion for Relief from Order Granting Defendant Nelson

18   Summary Judgment."  Doc. 186.  Defendant Nelson filed an opposition, as did defendants

19   Escarcega, Jones, Schmidt and Yerton.  Docs. 187, 188.  Based on the content of the motion,

20   plaintiff seeks relief under Rule 60(b) from the Court's December 2, 2022 order adopting the

21   findings and recommendations issued on October 14, 2022, and granting summary judgment to

22   defendant Nelson.  Docs. 184, 185.[1]  For the reasons set forth below, plaintiff's motion for relief

23   is denied.

24   **I.      Background**

25          On September 4, 2015, plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C.

26

27   ───────────────
     [1] The Court grant's plaintiff's motion for leave to file an overdue reply to defendants' opposition
     to his motion for reconsideration, Doc. 189, and the Court has considered plaintiff's reply in
28   ruling on the instant motion.

1   § 1983, alleging prison officials knowingly placed plaintiff in a cell at California Correctional

2   Institution ("CCI") with another inmate, whose incompatibility created a dangerous housing

3   situation for plaintiff, in retaliation for plaintiff having filed prison grievances.  *See* Doc. 1.  On

4   June 22, 2020, defendant Nelson filed a motion for summary judgment as to plaintiff's retaliation

5   claim against him.  Doc. 85.  On May 26, 2021, defendants Escarcega, Jones, Schmidt, and

6   Yerton filed a separate motion for summary judgment.  Doc. 129.  Plaintiff was granted five

7   extensions of time to file an opposition to defendant Nelson's motion.  *See* Docs. 160, 162.  In

8   denying his sixth request for an extension of time, the magistrate judge advised plaintiff that both

9   summary judgment motions would be deemed submitted on December 21, 2021, based upon the

10  record then before the Court.  Doc. 162 at 4.  On December 9, 2021, plaintiff filed an opposition

11  to defendants Escarcega, Jones, Schmidt, and Yerton's motion.  Doc. 164.  Plaintiff did not file an

12  opposition to defendant Nelson's motion.

13       On October 14, 2022, the magistrate judge issued findings and recommendations

14  recommending that defendant Nelson's motion for summary judgment be granted.  Doc. 184.

15  Plaintiff was required to file any objections within fourteen days but failed to do so.  On

16  December 2, 2022, the Court adopted the findings and recommendations and granted defendant

17  Nelson's motion for summary judgment.  Doc. 185.  On April 28, 2023, plaintiff filed the instant

18  motion for reconsideration.  Doc. 186.

19       **II.     Discussion**

20       "A motion for reconsideration should not be granted, absent highly unusual

21  circumstances, unless the district court is presented with newly discovered evidence, committed

22  clear error, or if there is an intervening change in the controlling law."  *Marlyn Nutraceuticals,*

23  *Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009).  A party seeking

24  reconsideration must show "more than a disagreement with the Court's decision, and

25  recapitulation of the cases and arguments considered by the court before rendering its original

26  decision fails to carry the moving party's burden."  *United States v. Westlands Water Dist.,* 134 F.

27  Supp. 2d 1111, 1131 (E.D. Cal. 2001).

28

1    Here, plaintiff contends that negligence by the mailroom staff at California Institution for

2    Men ("CIM") prevented or delayed the delivery of his objections to the October 14, 2022 findings

3    and recommendations.  Doc. 186 at 5.  These claims, liberally construed, fit under the "mistake,

4    inadvertence, surprise, or excusable neglect" provision of Rule 60(b)(1) because plaintiff was

5    under the mistaken impression his objections had been received by the Court and now seeks

6    reconsideration.  *See Johnson v. Biter*, No. C 15-3640 WHA (PR), 2017 WL 2265369, *1 (E.D.

7    Cal. May 24, 2017).  In determining whether a party's error qualifies for relief under Rule

8    60(b)(1), courts consider: "(1) the danger of prejudice to the opposing party; (2) the length of the

9    delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the

10    movant acted in good faith."  *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009)

11    (internal quotations omitted).  The ultimate decision of whether to grant a Rule 60(b)(1) motion,

12    however, lies within "the sound discretion of the district court."  *Barber v. State of Hawaii*, 42

13    F.3d 1185, 1198 (9th Cir. 1994).

### A.  Danger of Prejudice

15    On the first prong, "[p]rejudice requires greater harm than simply that relief would delay

16    resolution of the case."  *Lemoge*, 587 F.3d at 1192 (citing *TCI Group Life Ins. Plan v. Knoebber,*

17    244 F.3d 691, 701 (9th Cir. 2001)).  Here, in contrast to a dismissal for failure to serve as in

18    *Lemoge*, defendant Nelson litigated the case on the merits.  *See* Doc. 85.  The findings and

19    recommendations considered the merits of defendant's arguments and determined that plaintiff's

20    evidence failed to establish a genuine dispute of material fact to survive summary judgment.

21    Doc. 184 at 17.  On this basis, defendant Nelson would be prejudiced by having to re-litigate

22    these issues.

### B.  Length of Delay

24    Plaintiff filed his Rule 60(b) motion roughly six months after the Court entered judgment

25    in this matter and dismissed defendant Nelson from the action.  This is a significant period of

26    time, although less than the 1-year limit imposed by 60(c).  The Ninth Circuit has found longer

27    delays excusable under Rule 60(b)(1). *See, e.g.*, *Lemoge*, 587 F.3d at 1197 (approximately seven

28

1    month delay in filing Rule 60(b) motion).  For that reason, the second factor regarding length of

2    delay neither favors nor weighs against plaintiff.

3                    **C. Reason for Delay and Good Faith**

4            The third and fourth factors, plaintiff's reason for delay and whether the motion is brought

5    in good faith, are central to plaintiff's motion.  Plaintiff contends that the delay in filing

6    objections to the October 14, 2022 findings and recommendations is attributable to the negligence

7    of prison mailroom officials.  He presents as evidence his own declaration, circumstantial

8    evidence from another active case in which he alleges mail was not delivered to him, and a legal

9    mail log purporting to show that no incoming legal mail for plaintiff was recorded after July 18,

10   2022, and no outgoing mail was recorded sent after June 16, 2022.  *See generally* Doc. 186.

11   Unlike the plaintiffs in the cases he cites, however, plaintiff has not presented circumstances

12   sufficiently persuasive for the Court to reverse its prior ruling.  Moreover, plaintiff has failed to

13   establish any excuse for failing to respond in the first instance to the motion for summary

14   judgment.

15           The authorities cited by plaintiff in support of his argument are distinguishable.  For

16   example, in *Hamilton v. Llamas*, No. 1:10-cv-00272-LJO-GSA-PC,  2015 WL 1879962 (E.D.

17   Cal. Apr. 23, 2015), prisoner plaintiff sought reconsideration of an order dismissing his case for

18   failure to prosecute by providing evidence of his good faith efforts to comply with court

19   deadlines.  *Id.* at *1–*2.  The plaintiff presented the court with copies of envelopes that he had

20   mailed to the Court, which came back undeliverable, and copies of his legal log, showing that he

21   had mailed his pleadings timely but to an old address for the district court.  *Id*.  The Court

22   ultimately found the evidence demonstrated a good faith attempt by the plaintiff to comply with

23   court orders and set forth "facts of a strongly convincing nature" sufficient to warrant

24   reconsideration of its prior order adopting the findings and recommendations dismissing the case.

25   *Id*. at *2.

26           In *Jacobs v. CDCR*, No. 1:20-cv-00547-DAD-BAM, 2021 WL 5449700 (E.D. Cal. Nov.

27   22, 2021), plaintiff filed a motion for reconsideration of an order dismissing his case, arguing that

28

                                            4

1    mailroom delays in delivering to him a pertinent court order prevented him from timely

2    complying and filing a first amended complaint ("FAC").  *Id.* at *1–*2.  The court had issued an

3    order directing plaintiff to file a FAC or face dismissal.  *Id.*  The plaintiff received the order on

4    August 3, and the deadline to respond was August 4.  *Id.*  Therefore, the plaintiff reasonably

5    contended that it was impossible for him to comply with the deadline to respond.  *Id.*  In support

6    of his contention, the plaintiff provided mail logs showing that he had in fact received the

7    findings and recommendations on August 3.  *Id.* at *2.  The plaintiff contended that he had timely

8    prepared a FAC and was awaiting the court's orders before filing it, which the court found

9    credible because, on September 1, it received the motion for reconsideration with a FAC attached.

10   *Id.*  The court found the above evidence sufficient to warrant granting the plaintiff's motion for

11   reconsideration and accept the FAC as filed.

12          Here, plaintiff has not provided the kind of detailed and credible factual account of his

13   attempts to file his objections that was critical to the rulings he cites in his motion.  Unlike with

14   the plaintiff in *Hamilton*, here plaintiff's legal mail logs do not reflect any attempt to send legal

15   mail to this Court around October 28, 2022, when he claims to have done so.  *See* Doc. 186 at 76–

16   80.  Plaintiff contends the explanation is that the mailroom at CIM was neither processing nor

17   logging legal mail during the time in question, *id.* at 8, but this claim is supported only by

18   plaintiff's own declaration.  It is also contradicted by a more complete copy of plaintiff's legal

19   mail log for the relevant time period, produced by the defendants in the related case *Villery v.*

20   *Crounse, et al.*, No. 1:18-cv-01623-JLT-SKO (E.D. Cal.).  *See generally Crounse*, Doc. 139-1.

21   The Court takes judicial notice of those records, which reflect—contrary to the copy provided by

22   plaintiff—that he consistently received and signed for mailings from this Court throughout 2022,

23   which are properly documented in the legal mail log.[2]

24          Also pertinent to this matter, defendants in *Villery v. Crounse* attached a copy of an

25   _____

     [2] Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject
26   to reasonable dispute" where they are either "generally known within the trial court's territorial
     jurisdiction," or they "can be accurately and readily determined from sources whose accuracy
27   cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Courts take judicial notice of other
     court proceedings "if those proceedings have a direct relation to the matters at issue."  *U.S. ex.*
28   *Rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

1   Offices of Grievance Decision concerning plaintiff's grievance alleging the mailroom had lost

2   two pieces of his outgoing legal mail, including the October 28, 2022 objections. *Crounse*, Doc.

3   139-2 at 4–5. The interviewing officer asked plaintiff whether he could provide a copy of the

4   "California Institution for Men (CIM) Proof of Service of Mail" Attachment F. *Id.* Plaintiff

5   stated he was unaware of the form. *Id.* The officer explained that "without the proof of service,

6   there is no way to show proof that those letters were sent to the mailroom as legal mail." *Id.*

7       The other evidence purporting to support plaintiff's claim to have timely prepared and

8   filed objections to the findings and recommendations is the objections themselves, attached to

9   plaintiff's motion. *See* Doc. 186 at 25-48. The objections are signed and dated October 28, 2022,

10  with a proof of service signed by plaintiff, but there is no evidence to support plaintiff's

11  contention that they were actually submitted on that date. The legal mail log reflects no outgoing

12  legal mail on or around that date. *Id*. at 76-80. The mere existence of the objections does not

13  support plaintiff's account. Whereas in *Jacobs*, the court found credible that plaintiff had timely

14  prepared a FAC in part because he submitted the missing filing roughly three weeks after

15  realizing they had not been received, here plaintiff took nearly six months to submit his

16  objections, and he does not explain why they were not sent earlier.

17      Finally, plaintiff fails to establish any excuse for his failure to oppose defendant Nelson's

18  motion for summary judgment in the first instance, and, in any event, his objections do not

19  undermine the findings and recommendations. This shows a lack of good faith by plaintiff in

20  advancing the instant motion.

21      Plaintiff's delay in seeking relief, the lack of proof that he timely sought to file objections,

22  and the prejudice to defendants weigh against granting his motion for relief under Rule 60(b).

23  Moreover, the interests of finality and the conservation of judicial resources do not warrant the

24  sparing use of the extraordinary remedy plaintiff seeks. *Kona Enters., Inc. v. Est. of Bishop*, 229

25  F. 3d 877, 890 (9th Cir. 2000).

26  ///

27  ///

28  ///

6

1    Accordingly:

2        1.  Plaintiff's motion for leave to file an overdue reply, Doc. 189, is GRANTED; and

3        2.  Plaintiff's motion, Doc. 186, for relief from the order granting defendant Nelson

4            summary judgment, is DENIED.

5

6

7    IT IS SO ORDERED.

8        Dated:    October 13, 2025        _____
                                           UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7