UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>    Plaintiff,<br><br>    v.<br><br>JAY JONES, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01360-KES-HBK (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Docs. 129, 192 |

Plaintiff Jared M. Villery is a state prisoner proceeding pro se and in forma pauperis on his first amended complaint ("FAC") filed pursuant to 42 U.S.C. § 1983. Doc. 16. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 26, 2021, defendants Escarcega, Jones, Scmidt, and Yerton moved for summary judgment as to plaintiff's retaliation claims (1) against Jones and Schmidt stemming from attempts on January 21 and January 22, 2014 to move plaintiff to administrative segregation and a threat to bring disciplinary proceedings; (2) against Jones and Schmidt stemming from a January 27, 2014 rules violation report; (3) against Jones for allegedly denying plaintiff access to the law library in February and March 2014; (4) against Schmidt, Yerton, Escarcega, and Nelson for rehousing plaintiff with inmate Cedric Jones; and (5) against Jones for destroying and/or

1  failing to forward a March 20, 2014 grievance. Doc. 129. After several extensions of time,
2  plaintiff filed an opposition on December 9, 2021. Doc. 164. On September 12, 2023, the
3  assigned magistrate judge issued findings and recommendations to grant defendants' motion for
4  summary judgment. Doc. 192. After being granted two extensions of time, plaintiff filed
5  objections. Doc. 197. Defendants filed a reply. Doc. 201.

6  As to his first three claims, plaintiff's objections largely restate arguments and evidence
7  that were set forth in his opposition to defendants' motion for summary judgment and that are
8  unpersuasive.

9  As to plaintiff's fourth claim, his objections cite several purported errors of fact and law,
10 but in each instance, plaintiff either mischaracterizes the record, misconstrues the applicable law,
11 or points to immaterial errors or disputes of fact that do not undermine the magistrate judge's
12 conclusions. In *Rhodes v. Robinson*, 408 F.3d 559 (9th Cir. 2005), the Ninth Circuit set forth the
13 elements of a First Amendment retaliation claim.

> Within the prison context, a viable claim of First Amendment
> retaliation entails five basic elements: (1) An assertion that a state
> actor took some adverse action against an inmate (2) because of
> (3) that prisoner's protected conduct, and that such action (4)
> chilled the inmate's exercise of his First Amendment rights, and
> (5) the action did not reasonably advance a legitimate correctional
> goal.

19 *Id.* at 567–68. Plaintiff fails to establish that his rehousing with inmate Cedric Jones did not
20 reasonably advance a legitimate correctional goal. Plaintiff notes that the magistrate judge
21 erroneously stated that the FAC contains no allegation that defendant Schmidt threatened in a
22 June 29, 2014 meeting to rehouse plaintiff with Cedric Jones. Doc. 197 at 9:21-25; *see* Doc. 16 at
23 9. The FAC does in fact contain such an allegation, and contends that Schmidt, Yerton, and
24 Escarcega did in fact rehouse plaintiff with Cedric Jones in retaliation for plaintiff's filing of
25 grievances. Rehousing an inmate to retaliate lacks any legitimate penological purpose. *See*
26 *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003). But plaintiff fails to establish a genuine
27 dispute of material fact as to whether defendants' threats and subsequent rehousing were
28

2

retaliatory.

As the magistrate judge concluded in the findings and recommendations as to former defendant Nelson's motion for summary judgment, Doc. 184, there was a legitimate penological reason for housing plaintiff with Cedric Jones: plaintiff had "request[ed] to continue his job as a porter in Unit 2 . . . and there were no other available double cells in Unit 2 with low bunk accommodations with a race compatible cellmate other than inmate Cedric [Jones]." Doc. 184 at 16–17.[1] The magistrate judge also found that there was no documented history of in-cell violence between Cedric Jones and plaintiff, nor any observed or reported incidents of altercations between them. *See id.* at 9–11. Plaintiff disputes these findings in his objections, alleging that there were at least "sixty-five (65) different beds on Facility C that were vacant on July 24, 2014 . . . [and Cedric Jones] could have been moved to any one of 65 different housing assignments that day" instead of with plaintiff. Doc. 197 at 32. However, plaintiff's assertion is not supported by evidence. *See Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1033 n.14 (9th Cir. 2008) ("bare allegations without evidentiary support are insufficient to survive summary judgment.").

Plaintiff's rehousing seems to have been due to his request for work as a porter in Unit 2 and was generally consistent with the circumstances prison officials consider when deciding to rehouse an inmate. Moreover, courts should "afford appropriate deference and flexibility to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995); *see also Villery v. Beard*, No. 21-15425, 2022 WL 4462696, at *1 (9th Cir. Sept. 26, 2022) (affirming district court's deference in the context of prison housing decisions). At the time of the alleged incident, California regulations stated that "[i]nmates are not entitled to a single cell assignment, housing location of choice, or to a cellmate of their choice." Cal. Code Regs. tit. 15, § 3269. Therefore, considering the prior findings of fact as to plaintiff's relationship with Cedric Jones, and affording

---

[1] The Court takes judicial notice of the findings of fact made in the prior findings and recommendations which were adopted in full by the assigned district judge. Docs. 184, 185; *see United States v. Lummi Indian Tribe*, 235 F.3d 443, 452–53 (9th Cir. 2000) ("[A] court is generally precluded from reconsidering an issue previously decided by the same court.").

1  deference to defendants in their housing decisions, plaintiff fails to establish a genuine dispute of
2  material fact that defendants' decision to house him with Cedric Jones was retaliatory.
3  Accordingly, defendants Schmidt, Yerton, Escarcega, and Nelson are entitled to summary
4  judgment as to that claim.
5       As to plaintiff's fifth claim, which is against defendant Jones for alleged interference with
6  the processing of his March 20, 2014 grievance, plaintiff's objections correctly note that he had a
7  First Amendment protected right to submit grievances appealing the guilty findings in rules
8  violation reports. *See Bruce*, 351 F.3d at 1288. Plaintiff's appeal was arguably not frivolous,
9  despite his subsequent admission in his deposition in this proceeding that he possessed the cell
10  phone. Plaintiff had a right to file a grievance alleging defects in his disciplinary hearing,
11  including procedural due process violations. *See Hebrard v. Nofziger*, 90 F.4th 1000, 1004–05
12  (9th Cir. 2024) (noting prisoner's administrative appeal of his guilty finding based on alleged
13  procedural violations). Plaintiff is also correct that the fact that two years later a California
14  Superior Court issued a writ of mandamus to process plaintiff's grievance does not refute the
15  harm plaintiff experienced in 2014 from Jones's threat that his grievance "was not going
16  anywhere." *See Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009) ("[T]he mere *threat* of
17  harm can be an adverse action, regardless of whether it is carried out because the threat itself can
18  have a chilling effect.").
19       Moreover, plaintiff correctly notes that the analysis of the chilling effect does not turn on
20  whether plaintiff continued filing grievances in the months following Jones' alleged statement.
21  *Id.* at 1271 ("a plaintiff does not have to show that his speech was actually inhibited or
22  suppressed."). Rather, the Court must assess whether Jones's alleged statements "would chill or
23  silence a person of ordinary firmness from future First Amendment activities." *Id.* A reasonable
24  prisoner may have been chilled by defendant Jones's alleged statement to plaintiff that plaintiff's
25  grievance would not be processed because Jones thought plaintiff was a liar and by Jones'
26  subsequent alleged withholding of the grievance. *See Richards v. Perttu*, 96 F.4th 911, 918 (6th
27  Cir. 2024) (finding that destruction of grievances survives the "ordinary firmness" standard).
28       Plaintiff's FAC, sworn declaration, and deposition testimony all set forth detailed factual

allegations that Jones stated he would not process plaintiff's appeal of his guilty finding on the Rules Violation Report because Jones considered plaintiff to be a liar. FAC ¶ 59; Doc. 165 at 34; Doc. 129-3 at 25. Declaration and deposition testimony is sufficient to establish a genuine dispute of material fact where the testimony is based on personal knowledge, legally relevant, and internally consistent. *Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495, 498 (9th Cir. 2015). Because plaintiff sets forth sufficient evidence to establish a genuine dispute of material fact as to whether Jones threatened to, and did in fact, interfere with plaintiff's March 20, 2014 grievance submission, and such an allegation satisfies the predicate elements of a retaliation claim set forth in *Rhodes*, the motion for summary judgment is denied as to plaintiff's retaliation claim against defendant Jones for interference with plaintiff's grievance.[2]

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. After carefully reviewing the file, including plaintiff's objections and defendants' reply, the Court adopts in part the findings and recommendations. The Court grants in part and denies in part defendants' motion for summary judgment. Specifically, the motion is granted as to plaintiff's first four claims. As to plaintiff's fifth claim for retaliation by Jones, the Court finds that a genuine dispute of material fact exists as to whether Jones threatened to withhold, and did in fact withhold and refuse to process, plaintiff's March 20, 2014 grievance. Therefore, defendants' motion for summary judgment is denied as to that claim.

///
///
///
///
///
///
///

---

[2] Defendants do not explicitly argue that Jones is entitled to qualified immunity as to plaintiff's claim for interference with his March 20, 2014 grievance. In any event, retaliation against prisoners for their exercise of their right to file prison grievances is prohibited as a matter of "clearly established law." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Accordingly:

1. The findings and recommendations issued on September 12, 2023, Doc. 192, are ADOPTED IN PART as explained above.
2. Defendants' motion for summary judgment, Doc. 129, is GRANTED IN PART and DENIED IN PART, as follows:
    a. DENIED as to the First Amendment retaliation claim against defendant Jones for alleged interference with plaintiff's March 20, 2014 grievance;
    b. GRANTED as to all other claims and defendants.

IT IS SO ORDERED.

Dated:   October 13, 2025

UNITED STATES DISTRICT JUDGE