UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAY JONES,<br><br>　　　　Defendant. | Case No.  1:15-cv-01360-KES-HBK<br><br>ORDER REFERRING CASE TO SETTLEMENT CONFERENCE<br><br>NOTICE TO OPT OUT DUE BY DECEMBER 1, 2025 |

　　　　This case now proceeds against Defendant Jay Jones in his individual capacity on Plaintiff's alleged First Amendment retaliation claim.  (Doc. No. 207).  All deadlines have expired and this case is procedurally postured for trial.

　　　　Prior to the court setting a pretrial conference with related deadlines and a trial date, the Court will afford the parties an opportunity to engage in a private settlement discussion or alternatively participate in a settlement conference with a United States Magistrate Judge.  The Court requires a settlement conference to be "held in all actions unless otherwise ordered by the Court on objection of a party or for other good cause."  Local Rule 270(a).   No claims, defenses, or objections are waived by the parties' participation.

　　　　Attempting to resolve this matter through settlement now would save the parties the time and expense of preparing for trial.  The Court therefore will allow the parties to meet and confer, and participate in  settlement discussions on their own and/or agree to participate in a court

mediated settlement conference.  If, however, after meeting and conferring, either party finds that a settlement conference would be a waste of their and judicial resources, the party may file appropriate objections to participating in a settlement conference.  If either party opts out or the settlement is unsuccessful, the Court will set the case for trial.

Accordingly, it is **ORDERED**:

1. **No later than December 1, 2025**, the parties shall file a notice if they object to proceeding to a settlement conference or if they believe that settlement is not currently achievable.  **If either party objects to a settlement conference the Court will set pretrial deadlines, a telephonic trial confirmation hearing, and trial.**

2. If neither party has opted out of settlement by the expiration of the objection period, the undersigned will set this case for a settlement conference.[1]

3. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160.

Dated:     October 15, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the undersigned is not the trial judge, the Court's Local Rules do not prohibit the undersigned from conducing the settlement conference.  Local Rule 270(b).  If any party requests that the conference not be conducted by the undersigned, the undersigned will refer it to another Magistrate Judge.  *Id*.

2